## Jean Pierre Souberain *v.* S. D. Renaux.

Where the plaintiff states the amount he sues for in the petition, and swears that the defendant is indebted to him for the amount stated in the petition, it is a sufficient specification of the sum due to sustain the attachment.

An affidavit of the creditor stating that he believes the defendant is about to depart permanently from the State is sufficient to authorize an attachment, the other requisites of the law being complied with.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *George S. Lacey*, for plaintiff. *Andrew S. Herron*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff issued an attachment against the property of the defendant. The latter moved to dissolve it, on the grounds: 1st. That the plaintiff had not stated in his affidavit at the foot of his petition the amount due him by the defendant. 2d. That the law requires the plaintiff to make affidavit that the debtor has left the State permanently, or resides out of the State, or conceals himself to avoid citation : neither of which facts is stated in the plaintiff's affidavit; but only, that he believes the defendant is about to depart permanently from the State. 3d. The showing made by the plaintiff is totally insufficient to prove that the defendant was about to leave the State. The district court dissolved the attachment, upon the second ground: the plaintiff has appealed, and asks the reversal of the judgment of the district court; that the attachment should be reinstated; and that further proceedings should take place in the case, according to law.

The first ground for setting aside the attachment is not tenable. Two claims are presented in the plaintiff's petition, and the exact amounts of each are stated. The plaintiff then deposes that the defendant is indebted to him the amounts set forth in the foregoing petition. This is sufficient: the plaintiff could be convicted of perjury if he did not believe that the amounts mentioned in the petition were due to him.

Nor should the second ground filed have been maintained. The act of 1839, in amending the Code of Practice, changed nothing but the phraseology of the first clause of art. 240, substituting the word "permanently" for the four words "never again to return." It is, therefore, still the law of the land, as prescribed by that article, that "a creditor may obtain an attachment of the property of his debtor, when such debtor is about leaving the State permanently, without there being a possibility, in the ordinary course of judicial proceedings, of obtaining or executing judgment against him previous to his departure."

To obtain an attachment on this ground, the 243d article of the code requires the creditor, beside complying with the other requisites of law, to present a petition with a declaration made on oath that his debtor is on the eve of leaving the State forever. The article next prescribes the oath necessary in order to obtain an attachment in the cases in which it is allowed by law. The Legislature, by the 5th section of the act of the 20th of March, 1839, proceed to amend the oath to make it conform to their amendment of article 240. The original oath required was, that "the debtor had left the State never again to return." The amendment changed it to this form, "that he verily believes that the

26

SOUBERAIN
v.
RENAUX.

debtor has left the State permanently." To use the words of the amendatory act, "it shall be sufficient for the creditor to swear to the existence of the debt demanded by him, and that he verily believes that the debtor has left the State permanently, or that he resides out of the State, or conceals himself so that citation cannot be served upon him," in order to obtain attachments in those three cases. But this by no means repeals that part of article 243 which prescribes the oath to be taken when the debtor is on the eve of leaving the State forever, and much less the first clause of article 240, which the law does not purport to alter, and which allows an attachment to issue when the debtor is "about leaving the State permanently, without there being, in the ordinary course of judicial proceedings, a possibility of obtaining or executing judgment against him previous to his departure."

The law allowing an attachment in this case remains in full force, and the plaintiff made the oath required by it. It has been acted upon by the bar, and recognized by the courts, as being in force from 1839 until the present time. See the case of *Sawyer* v. *Arnold*, 1st Ann. 316.

The third ground for dissolving the attachment has not been pressed in this court, nor was any evidence offered in opposition to the oath of the plaintiff in the district court.

We think the attachment should have been maintained. The order dissolving it is therefore reversed, the attachment reinstated, and the case remanded for further proceedings according to law; and the appellee is condemned to pay the costs of the appeal.