### ADDISON v. SUJETTE

1. ATTACHMENT—PRACTICE—PLEADINGS.—Under a notice of a motion to vacate an attachment, because "improvidently issued and without warrant of law," the questions of improvident issuance and irregularity may be considered.

2. IBID.—CODE CONSIDERED.—The affidavits upon which the attachment in this case was issued, held not to state a cause of action, as required by sec. 250 of Code.

3. IBID.—PRACTICE.—A motion to vacate an attachment, because issued without authority of law, can only be heard on the affidavits before the clerk at time of issuance.

4. IBID.—IBID.—CODE CONSTRUED—Attachment cannot be issued against property of an absent defendant in an action for slander—construing sec. 248 of Code.

5. ARREST AND BAIL—PRACTICE.—It seems that arrest and bail may be used in an action against a non-resident defendant for slander.

6. ATTACHMENT—CIRCUIT JUDGE.—May a Circuit Judge require an attachment bond to be strengthened, as a condition of refusing a motion to vacate an attachment?

7. ARREST AND BAIL.—Affidavits upon which arrest and bail in this case were based, held not to state a cause of action.

Before BUCHANAN, J., Edgefield, October, 1896. Modified.

Action by Eldred S. Addison against R. C. Sujette, on the following complaint:

For a first cause of action: 1. That the plaintiff is a citizen of the county of Edgefield, S. C., having resided in said county and State most of his life. That he is a man of family, having a wife and children. 2. That on or about the 29th day of November, A. D. 1895, in the town of Ninety-six, S. C., the defendant above named, without the slightest justification or excuse therefor, and with the intent to injure the standing and character of this plaintiff, did, in the presence of James Rogers and H. R. Turner and others, citizens of the said county of Abbeville, in said State, falsely, wantonly, maliciously, and in a vindictive and evil spirit, defame and slander this plaintiff, by publishing, charging, and saying in words as follows, to wit: "E. S. Addison has swindled me out of several hundred dollars that he has collected for horses sold for me, and reported them dead; he has stolen a mule from me, and he is a damned thief." 3. That by reason of the false and slanderous words published, charged, and spoken by said defendant, of and concerning this plaintiff, as herein above set forth, this plaintiff has been injured and damaged in his character and reputation in the sum of $5,000.

For a second cause of action: 1. That the plaintiff is a citizen of the county of Edgefield, S. C., having resided in said county and State most of his life. That he is a man of family, having a wife and children. 2. That on or about the 3d day of December, A. D. 1895, in the town of Ninety-Six, S. C., the defendant above named, without the slightest justification or excuse therefor, and with the intent to injure the standing and character of this plaintiff, did, in the presence of A. McNiell Turner and R. C. Simpson, citizens of the said State, falsely, wantonly, and maliciously, and in a vindicative and evil spirit, defame and slander this plaintiff, by publishing, charging, and saying, in words as follows, to wit: "E. S. Addison is a damned thief, and has cheated me out of money from the sale of a lot of horses that I left with him to sell for me." 3. That by reason of the false and slanderous words published,

charged, and spoken by said defendant, of and concerning this ·plaintiff, as herein above set forth, this plaintiff has been injured and damaged in his character and reputation in the sum of $5,000. Wherefore, this plaintiff demands judgment against the said defendant for the sum of $5,000, as stated in the first cause of action; and demands judgment against the said defendant for the further sum of $5,000, as stated in the second cause of action, together with judgment for his costs and disbursements therein.

The complaint is sworn to as follows: Personally came before me E. S. Addison, the plaintiff hereinabove named, who, being first duly sworn, says that the within complaint is true of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true.

Upon the following affidavit, an attachment was issued, and a number of horses seized by the sheriff:

Eldred S. Addison, the plaintiff above named, being first duly sworn, says: 1. That a sufficient cause of action exists in his favor, and against the above named defendant, for injury to his character, inflicted by the said defendant, the grounds of which will more fully appear by reference to the sworn complaint hereto annexed, as a part of this affidavit, all the statements and allegations contained in which are true to his own knowledge, except the statements and allegations therein made on information and belief, and as to such statements and allegations he believes the said complaint to be true. 2. That the defendant is not a resident of the State of South Carolina, but resides in the territory of Wyoming, as this plaintiff is informed and believes. 3. That this deponent is informed and believes that the said defendant has now in his possession, as the owner thereof, certain personal property, to wit: a number of horses and mules, and is now temporarily within the limits of the said State. Wherefore, this deponent desires and prays that a warrant of attachment shall be issued against the property of the said defendant, according to the law of said State in

such case made and provided, to the end that the said property shall be held to answer any judgment that may be recovered in the said action.

Upon the following affidavit, an order of arrest was issued, the defendant taken into custody by the sheriff, and gave bail:

Eldred S. Addison, the plaintiff in the above stated cause named, being first duly sworn, says: 1. That a sufficient cause of action exists in his favor and against the defendant above named, for injury to the character, inflicted by the defendant, as will more fully and specifically appear by reference to the complaint in the said action hereto annexed, as a part of the affidavit, all the statements and allegations, of which sworn complaint are true to the knowledge of this plaintiff, except such matters as are therein stated on information and belief, and as to such matters he believes the said complaint to be true. 2. That the plaintiff has commenced an action in this Court against the above named defendant, or is about to commence an action in this Court by the service of the summons and complaint, copies of which are thereto annexed, upon the cause of action stated in the said complaint. 3. That this defendant above named is not a resident of the State of South Carolina, but, as the plaintiff is informed and believes, is a resident of the territory of Wyoming. Wherefore, the plaintiff desires and prays that the said defendant may be arrested and held to answer and respond to any judgment that may be recovered against him in the said action, or that he may be required to give bail, conditioned as prescribed by the law of said State in such case made and provided.

The defendant served the following notice of motion to dissolve attachment and order of arrest:

You will please take notice that upon the pleadings and the affidavits herein, and all other papers in this cause, which have been served upon the defendant, together with the affidavit of W. H. Ouzts, sheriff, a copy of which is hereto annexed, we will move his Honor, Judge O. W. Buchanan,

at Lexington C. H., in this State, on Wednesday, the 7th day of October, 1896, at 6 o'clock in the afternoon of that day, or as soon thereafter as counsel can be heard, for an order setting aside the attachment herein, and releasing from the levy thereof the property which has been seized by the sheriff under the warrant of attachment herein, upon the grounds that it appears upon the face of the pleadings and affidavit thereto annexed, that said attachment has been improvidently issued, and is without warrant of law, and that said attachment proceedings are, therefore, null and void. And you will further take notice that at the same time and place and upon the same papers, and in addition thereto, the affidavit of the defendant, a copy of which is herewith served upon you, we will move his Honor, Judge O. W. Buchanan, for an order vacating the order of arrest herein, on the ground that the same was irregularly issued, and is, therefore, void; or, failing in such motion, we shall then move that the amount of bail, as fixed by said order of arrest, be reduced, on the ground that the same is excessive and oppressive to the defendant.

After full argument, Judge Buchanan made the following order:

This was a motion to set aside and vacate the attachment herein, and also an order for arrest and bail. After hearing counsel in support of and in opposition thereto, it is ordered, that the motion to set aside the order for arrest and bail of the defendant be, and the same is hereby, granted, and said order is hereby set aside. It is further ordered, that the motion to set aside the attachment herein be refused. It is further ordered, that the plaintiff be, and he is hereby, ordered to execute a new attachment bond to the defendant in the sum of $2,450, in lieu of the attachment bond heretofore given, and the said bond to be with sufficient surety, to be approved by the clerk of this Court within ten days from this date, with leave to the plaintiff to apply for an extension of said time.

From this order the defendant appeals on the following exceptions:

I. That it appears from the face of the complaint and the proceedings herein that the cause of action sued upon is for slander of character, and it is submitted that there is no authority in law to issue attachment proceedings upon such a cause of action, and that, therefore, the attachment proceedings are null and void, and his Honor, Judge Buchanan, erred in not so deciding. II. Because the affidavit upon which the attachment was issued is insufficient, in that it does not state the cause of action of the plaintiff, nor the amount nor grounds thereof, and because it is not positive in its averments; and it is also insufficient because it does not state what allegations are made upon the knowledge of the plaintiff, and what upon information and belief, nor does it state the source of such information and belief.

The plaintiff also appeals from so much of said order as sets aside the order for the arrest of the defendant, and so much of the said order as requires the plaintiff to give a bond in ·attachment in lieu of the bond that was accepted by the clerk of the Court, upon the following grounds: 1. Because it is respectfully submitted that his Honor erred in setting aside the order for the arrest of the defendant, stating as his reason for the said order, that an order for the arrest of the defendant could not issue at the same time with an attachment. 2. Because it is respectfully submitted that his Honor erred in setting aside the bond that the plaintiff gave in attachment, and requiring the plaintiff to give a bond in lieu of the bond that was accepted by the clerk of Court in the sum of $2,450, no motion having been made to set aside the said bond, and no objection to the bond that was accepted by the clerk of Court having been raised.

*Messrs. Sheppard Bros.* and *N. G. Evans*, for plaintiff, appellant, cite: *Error to require new bond:* Code, 251; 4 Pac., 225; 31 S. C., 375; 38 Mo., 357; 18 Kan., 140; 8 S. & M., 711. *Error to set aside order of arrest:* Code, 200,

202; 32 Hun., 382; 56 N. Y., 456. · *Attachment proper:* 25 S. C., 464; 17 S. C., 112; 27 S. C., 129; Harper, 219; Code, 248; 71 Fed. Rep., 365; 37 Ga., 32; 5 Minn., 69. *Affidavit sufficient:* Code, 250; 45 S. C., 471.

*Messrs. Croft & Tillman,* for defendant, appellant, cite: *Attachment not proper:* 4 Stat., 544; Code, 250; 27 S. C., 129; 6 S. C., 169; 10 S. C., 469; 13 S. C., 478; 21 S. C., 588; 26 S. C., 256; 24 S. C., 202; 32 S. C., 159; 31 S. C., 46; 31 S. C., 307. *Affidavits not sufficient for arrest:* Vorhies Code, 290; 28 S. C., 181; 33 S. C., 251.

July 28, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action for slander, in which the plaintiff obtained from the clerk a warrant for attachment, under which the sheriff seized forty-nine head of horses as the property of the defendant, and at the same time obtained an order for arrest and bail, under which the defendant was arrested by the sheriff of Edgefield County. The defendant gave notice of a motion to set aside the attachment, and also to vacate the order of arrest. This motion was heard by his Honor, Judge Buchanan, who granted an order setting aside the order of arrest, and refusing the motion to set aside the attachment, but requiring that the plaintiff execute a new attachment bond to the defendant in the sum of $2,450, in lieu of the bond for $250 required by the clerk upon issuing the warrant of attachment.

From this order both parties appeal, the plaintiff imputing error in setting aside the order of arrest, and in requiring him to execute a new bond in an increased amount, and the defendant imputing error in refusing to vacate the attachment.

For a full understanding of the questions raised by the appeal, the reporter will incorporate in his report of this case the following papers set out in the "Case:" 1st, the complaint, including the verification thereof. 2d. The affidavit to obtain the attachment. 3d. The affidavit to obtain the order of arrest. 4th. The notice of the motion

above referred to.    5th.  The order of Judge Buchanan.
6th.  The grounds of appeal.

In the argument before this Court, counsel for plaintiff
has raised what may be regarded as a preliminary question,
which should first be disposed of.    The point made
1 is that, inasmuch as the notice of the motion to va-
cate the attachment is based upon the grounds that
the attachment was *improvidently* issued, the only issue
that the Circuit Judge was at liberty to consider, so far as
that motion was concerned, was whether the facts stated in
the affidavit, upon which the attachment was applied for,
were true, that no question of *irregularity* could be raised
or considered under that notice.    This position is based
upon what seems to be an incorrect view of the scope and
effect of the notice of the motion.    It will be observed that
it is stated in the notice that the motion to vacate the at-
tachment will be made "upon the grounds"—plural and
not singular—"that it appears upon the face of the plead-
ings and affidavit thereto annexed that said attachment has
been improvidently issued, *and* is without warrant of law,
and that said attachment proceedings are, therefore, null
and void."    It is apparent, therefore, that the plaintiff was
distinctly advertised by the terms of the notice, that the
motion would be based, *not* upon the single ground that the
attachment was improvidently issued, but upon the *two*
grounds that the attachment was improvidently issued, *and*
that it was issued "without warrant of law."    It is true, that
the word "irregularity" is not found in the notice, but the
words there found, "without warrant of law," signify the
same thing.    See *Monday* v. *Elmore*, 27 S. C., at page 129,
where the late Chief Justice Simpson very clearly explains
the difference between an attachment irregularly issued and
one that is improvidently issued: "an attachment is irregu-
larly issued when it appears upon the face of the proceed-
ings that there is no ground for the attachment; in other
words, when the affidavit fails to contain the conditions
upon which the law authorizes such a proceeding, to wit:

that a cause of action exists, that a certain sum is due, and that defendant has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, any of his property, with intent to defraud his creditors." If, therefore, the affidavit fails to state "the conditions upon which the law authorizes" the issuance of an attachment, then the attachment is issued "without warrant of law," is irregularly issued. This preliminary objection raised by plaintiff must, therefore, be overruled, and the way is open to consider the several grounds upon which the attachment is assailed.

The first ground of attack is that the affidavit upon which the warrant of attachment was issued was insufficient, in that it was not therein made to appear that a cause of action existed against defendant. Section 250 of the Code provides that "the warrant may be issued whenever it shall appear by affidavit that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof." Now, in this case, it is very obvious that the affidavit upon which the warrant of attachment was obtained does not comply with this requisition of the Code. It does not even purport to set forth the cause of action, and certainly does not specify the amount of the claim or the grounds thereof, except "by reference to the sworn complaint hereto annexed as a part of this affidavit, all the statements and allegations contained in which are true to his own knowledge, except the statements and allegations therein made on information and belief, and as to such statements and allegations he believes the said complaint to be true." Now, it may be true that a *duly verified* complaint, if attached to the affidavit upon which an attachment is applied for, and therein referred to as a part thereof, may be regarded as a part of such affidavit, yet, in this case, the essential condition that the complaint has been duly verified, is wanting. Referring to the complaint, there is not a single statement or allegation therein made which purports to have been made upon information and belief, and yet in the verification the plain-

tiff said under oath: "that the within complaint is true of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true." Such a form of verification we held to be insufficient in the case of *Hecht* v. *Friesleben*, 28 S. C., 181, and again, more distinctly, in *Burmester* v. *Mosely*, 33 S. C., 251. It is a mistake to suppose that these two cases were, in any way, shaken or modified by the subsequent case of the *State* v. *Railway Company*, 45 S. C., 470, for in that case Mr. Justice Pope, in delivering the opinion of the Court, very clearly points out the distinction between the last named case and Hecht *v.* Friesleben and Burmester *v.* Mosely, as follows: "the allegations of the complaint were made as if upon the affiant's own knowledge; whereas the form of the verification showed conclusively that some of the allegations were intended to be made upon information and belief, but which were so intended it was impossible to ascertain. In the case at bar, however, some of the allegations in the complaint are expressly stated to be made on information and belief, while there were others not so stated, and hence the form of verification adopted is unexceptionable." In the case now under consideration, no such distinction can be found, and, on the contrary, it is identical with the cases of Hecht *v.* Friesleben and Burmester *v.* Mosely, and must be controlled by them. Nor does the language used in the affidavit help the matter, for, in referring to the allegations of the complaint, the very same language as that found in the so-called verification of the complaint is used. It is clear, therefore, that the affidavit upon which the warrant of attachment was issued was fatally defective, in that it was not therein made to appear "that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof."

It is contended, however, by counsel for plaintiff, that granting all this to be so, yet the defects in his affidavit have been supplied by the statements found in the affidavit of defendant, which he says were submitted at the

hearing of the motion. There are several objections to this contention. In the first place, it does not appear that this affidavit was mentioned in the notice of the motion amongst the papers upon which the motion was based, nor is it mentioned by the Circuit Judge as one of the papers upon which he heard the motion. But waiving all this, the conclusive answer is, that the Circuit Judge would have had no right to consider it, even if it had been formally presented. The only question before the Circuit Judge was whether the clerk had erred in issuing the warrant of attachment, without authority of law, and that question could, of course, only be determined by an examination of the papers upon which the clerk acted, and there was no pretense that this affidavit of the defendant was before the clerk at the time he issued the attachment. As was said in *Myers* v. *Whiteheart*, 24 S. C., at page 204: "The question before the Judge was whether the attachments were properly issued in the first instance, and to determine that question he could only consider the grounds upon which the attachments were originally applied for, and not any new facts or new grounds for the first time stated at the hearing of the motion to discharge the attachments. The question to be decided was whether the showing made at the time the attachments were issued was sufficient. It is true, that the Code provides that if the application to discharge an attachment be based upon affidavits on the part of defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other proofs; but this manifestly means that the plaintiff may by affidavits contradict or rebut the statements made in the affidavits submitted by the defendant, and not that he may state new facts—make a new case." Hence, we suppose that where a motion is made to vacate an attachment upon the ground that the facts stated in the affidavit upon which it was issued are not true, that it would be competent for the plaintiff to offer affidavits in reply to or rebuttal of the showing made by the defendant. But where the affidavit upon which the

attachment is issued is fatally defective, in failing to show
any one or more of the conditions necessary to the allow-
ance of such a remedy, such defect cannot be supplied by
affidavits submitted at the hearing of a motion to vacate.
Even, therefore, if the defendant had admitted the plaintiff's
cause of action, instead of practically denying that the plain-
tiff had any cause of complaint against him, as he seems to
have done in his affidavit, that could not supply the defect
in plaintiff's original affidavit, and could not be considered
on a motion to vacate the attachment, because issued with-
out authority of law.   It seems to us, therefore, that the
Circuit Judge erred in refusing to vacate the attachment
upon the ground that the affidavit upon which it was issued
was fatally defective.

There is, also, another ground upon which the attach-
ment should have been vacated.   The remedy by attach-
ment rests solely upon statutory enactment, and can
only be resorted to in those cases provided for by
statute.   We are unable to find any statute which
allows this remedy in actions for damages for injury to char-
acter.   It is quite certain that, prior to the Code, an attach-
ment could not have been obtained in an action for slander.
*Sergeant* v. *Helmbold*, Harp., 219, where Nott, J., in deliv-
ering the opinion of the Court, used the following language:
"The process of attachment was not allowed at common
law.   Several acts of the legislature of this State have au-
thorized it in certain specified cases, where the ordinary
process of law cannot be served.   The first act on the sub-
ject was passed in the year 1744, Pub. Laws, 187, embraces
only cases arising upon contracts.   The act of 1783, Pub.
Laws, 315, extends it to torts; but it is only to torts, tres-
passes or injuries 'actually done to property, real or personal.'
It does not include cases of slander, and we must not extend
it by construction beyond what the letter or spirit of the
act will permit."   The language thus quoted from this emi-
nent jurist clearly shows, not only that an attachment could
not, under the former law, have been obtained in an action

for slander, but, also, that the purpose of the act of 1783 was, *not* as plaintiff's counsel contends, simply to make real as well as personal property of an absentee liable, but to extend the remedy by attachment to cases of torts actually committed on real or personal property. So that our inquiry is narrowed down to the question, whether the Code has extended the remedy by attachment to actions for slander or injury to character. For this purpose, sec. 248 of the Code is relied upon as extending the remedy by attachment to actions of slander. That section is too long for insertion here, especially as it is so easily accessible. It seems very clear to us that the object of that section was of a two-fold character: 1st, to designate the various kinds of action in which the remedy by attachment could be resorted to, and 2d, to indicate the persons—using that term in its broadest sense, so as to include corporations as well as natural persons—against whom the remedy might be obtained. The first inference which we draw from the language used in this section is the natural, if not necessary one, that the legislature did not intend that the remedy by attachment could be resorted to in *any* action brought for *any* purpose, against any one of the persons designated in the subsequent portions of the section; for if such had been the intention, it would have been very easy and much more simple to say so in plain words. The very fact, therefore, that the legislature has chosen to specify actions brought for certain purposes, as those in which the remedy by attachment could be resorted to, affords an irresistible inference that there were actions for other purposes, in which it was not intended that the remedy by attachment should be allowed. The language used is: "In any action for the recovery of money or for the recovery of property, whether real or personal, and for damages for the wrongful conversion and detention of personal property, or an action for the recovery of damages for injury done to either person or property, &c." Now, while in one sense an action for slander or as, for that matter, any other action on the law side

of the Court, might be regarded as "an action for the recovery of money," yet it is manifest that the legislature did not use those terms in that sense; for in the very same sentence the legislature proceeds to specify actions "for the recovery of damages for injury done to either person or property;" which, of course, are just as much actions for the recovery of money as an action for slander. When, therefore, we find that under the well settled law prior to the Code an attachment could not be issued in an action for slander, which it must be assumed was well known to the legislature, and when we further find that the terms used in the Code do not necessarily include an action for slander, and can only be made to do so by a strained construction, the irresistible inference is that the legislature did not intend to change the previously existing law by including the action for slander amongst those in which the remedy by attachment might be resorted to. And when, in addition to this, we find in the very same Code a provision is inserted allowing another provisional remedy—arrest and bail—to be used in an action where the injury is "to person or *character*" (subdivision 6 of section 200), the conclusion is inevitable that there is no statutory provision allowing a resort to the remedy by attachment in an action for slander.

Under this view of the case the other question, as to the power of the Circuit Judge to require the plaintiff to increase the amount of his bond, cannot arise, and, therefore, need not be considered. We may say, however, that as at present advised, we see no reason why a Circuit Judge may not, as a condition of refusing a motion to vacate an attachment, require the bond to be increased, upon a proper showing that such increase is necessary to effect the ends of justice.

The only remaining question—whether there was error in setting aside the order of arrest—is practically disposed of by what we have said in reference to the defects in the affidavit upon which warrant of attachment

was obtained, for the two affidavits both present the same defects.   Section 202 of the Code requires that the order of arrest may be obtained upon an affidavit "that a sufficient cause of action exists," and in this respect the affidavit relied on is fatally defective, as shown above.   The fact that the plaintiff has stated in one of his exceptions that the order setting aside the order of arrest was based upon the ground that the Circuit Judge stated as his reason for setting aside the order of arrest, that an order for the arrest of defendant could not issue at the same time with the attachment, has no foundation in the "Case" as prepared for argument here, and cannot, therefore, be considered.   Indeed, the "Case," as printed, shows that plaintiff made an unsuccessful attempt to incorporate that fact in the "Case," and this affords an additional and conclusive reason for declining to consider it.

The judgment of this Court is, that the order appealed from, in so far as it refuses to set aside the attachment, be reversed; but in so far as it sets aside the order of arrest, it be affirmed.