## GERMANTOWN TRUST CO. V. WHITNEY.

1. Averments in the complaint may be referred to in order to sustain an attachment sued out in aid of the action.

2. Under Laws 1901, p. 206, c. 124, authorizing an administrator duly appointed in any other state or country to prosecute actions in his capacity as administrator under the same restrictions as are applicable to non-residents, a corporation duly appointed administrator in another state is entitled to sue as such in this state.

3. Under Rev. Civ. Code, § 880, providing that the production of the certificate of authority of a surety company shall be sufficient authority for the approval of any bond or undertaking, it will be presumed in the absence of an affirmative showing to the contrary, that the certificate of authority was produced before the clerk who approved an undertaking entered into by a surety company; and it is not necessary for the clerk's certificate of approval to show that the corporation is authorized to execute the undertaking, nor is it necessary that such certificate of authority be annexed to, or made a part of, the undertaking or of the clerk's certificate.

4. Under Code Civ. Proc. § 207, providing that a warrant of attachment may be issued upon an affidavit stating that a cause of action exists against defendant, and specifying the amount of the claim and the grounds thereof, an affidavit stating that defendant is indebted to plaintiff in a certain sum, and that a cause of action in favor of plaintiff and against defendant, grounded on certain described notes, exists, and that defendant is not a resident of the state, but is the owner of certain described real estate therein, is sufficient to authorize the issuance of a warrant of attachment.

(Opinion filed January 25, 1905.)

Appeal from circuit court, Campbell county; Hon. LORING E. GAFFY, Judge.

Action by the Germantown Trust Company, a corporation, against Ben W. Whitney. From an order denying a motion to dissolve and vacate an attachment, defendant appeals. Affirmed.

*L. T. Boucher*, for appellant.

*Frank Alexander.* (*Herreid & Williamson*, of counsel), for respondent.

CORSON, P. J.    This is an appeal by the defendant from an order denying a motion to dissolve and vacate attachment proceedings.    The action was to recover the sum of $1,314.51, alleged to be due the plaintiff as administrator of the estate of William Ottinger, deceased.    An undertaking was executed, purporting to have been made by the United States Fidelity & Guaranty Company, a corporation.    A warrant of attachment was issued, return made thereunder, and motion made to dismiss, on which the order denying the same was made, from which this appeal is taken.    The motion was made upon the following grounds:    "(1)  That the court was without jurisdiction to issue the warrant; (2) that the surety bond was null and void; (3) that the affidavit was insufficient to justify the issuance of the warrant; (4) that the plaintiff had no legal capacity to sue, and (5) that the affidavit fails to show a cause of action in favor of the plaintiff.

It is contended by the appellant that under the laws of this state a corporation is not authorized to act as an administrator or executor, and hence the plaintiff in this action could not maintain the same.    He further contends that, if the plaintiff could maintain such an action as a corporation, it could only do so by virtue of an appointment by a court of competent jurisdiction in this state, and that plaintiff, not having been so appointed, cannot maintain the action, and the court therefore had no jurisdiction of the attachment proceedings. The respondent, on the other hand, insists, in support of the

action of the court below in denying the motion, that a corporation in this state may act as an administrator or executor; it not being prohibited from acting in that capacity. Respondent further insists that under the provisions of chapter 124, p. 206, of the laws of 1901, foreign administrators are authorized to sue in the courts of this state, and, as no exception is made of corporations, the plaintiff is clearly authorized to maintain this action. The chapter referred to contains but one section, which reads as follows: "An executor or administrator duly appointed in any other state or country may commence, prosecute or defend actions in any court in this state in his capacity of executor or administrator in like manner and under the same restrictions as are applicable to non-residents. In case any executor or administrator shall have been appointed in this state, such person only shall be entitled to commence, prosecute, or defend actions in this state in his capacity as executor or administrator." This action having been commenced since the passage of the law above quoted, the question of plaintiff's right to bring the action by reason of its having been appointed an administrator in another state is no longer an open question, if respondent was regularly appointed administrator in another state. It will be seen that under the provisions of chapter 124, above quoted, a party appointed, whether a natural person or a corporation, is fully authorized to institute and maintain the action in this state. No question arises in this case as to the fact that the plaintiff had complied with all the requirements of the law of this state entitling foreign corporations to commence actions therein, as the parties have stipulated that all the required conditions have been complied with. While not stated in terms in the affidavit for

the attachment that the plaintiff was duly authorized by the laws of Pennsylvania to act as administrator, it is so stated therein in effect, and it is so specifically stated in the complaint; which, for the purpose of this motion, may be referred to for the purpose of sustaining the attachment proceedings. Hart v. Barnes, 24 Neb. 782, 40 N. W. 322; Citizens' Bank v. Corkings, 10 S. D. 98, 72 N. W. 99. Reading, therefore, the affidavit and complaint together, it is clearly averred that the plaintiff was duly appointed administrator of the estate of William Ottinger, plaintiff's intestate, in the said state of of Pennsylvania. This being so, we are of the opinion that the court below was right in holding that it had jurisdiction of the subject-matter and of the person of the defendant.

It is further contended that the undertaking for the attachment was void because it failed to show that it was executed by the United States Fidelity & Guaranty Company, or by any officer authorized by it to execute the undertaking. The undertaking in this case purports to be executed by "The United States Fidelity and Guaranty Company, by Charles A. Fisher and J. E. Adams its attorneys in fact," and the acknowledgment of the undertaking is as follows:

"State of South Dakota, County of Brown—ss.: On this 14th day of May, A. D. 1902, before me, John H. Perry, a notary public, personally appearded Charles A. Fisher and J. E. Adams, known to me to be the persons who are described in and whose names are subscribed to the within instrument as the attorneys in fact of The United States Fidelity and Guaranty Company, and acknowledged to me that they subscribed the name of the United States Fidelity and Guaranty Company thereto as principal, and their own names as attorneys in fact.

"(John H. Perry,             John H. Perry,
Notary Public.                      Notary Public.
South Dakota.)"

To this the clerk of the court adds the following certificate:

"I certify that I find the sureties in the foregoing under-taking sufficient, and do approve and allow the same.

"Dated May 17th, 1902.

"[Seal.]                         G. G. Titland,
                      "Clerk of the Circuit Court."

It is contended by the appellant that, where the authority of the corporation to execute the undertaking is not shown on the face of the clerk's certificate that the corporation is auth-orized to execute the same, the undertaking is void. This con-tention is untenable, for the reason that the act providing that corporations may become sureties on bonds and undertakings does not require that the certificate of authority shall be an-nexed to, or made a part of, the undertaking or the certificate. Section 3, c. 45, p. 51, Laws 1895, being section 880, Rev. Civ. Code, provides that the production of their certificate of auth-ority, or an authorized copy thereof, shall be sufficient author-ity for the approval of any bond or undertaking by the officers authorized to approve the same. It will thus be seen that the production of the certificate of authority, or a duly authenti-cated copy thereof, was all that was necessary to authorize the clerk to approve the undertaking, and the presumption is that the clerk performed his duty, and that, upon approval of the undertaking, such "certificate of authority or duly authenti-cated copy thereof" was presented to the clerk. In the ab-sence of any affirmative showing that such certificate of authority, or duly authenticated copy thereof, was not pro-

duced before the clerk, the foregoing presumption must prevail.

It is further contended by the appellant that the affidavit for attachment was insufficient to give the court jurisdiction, or to justify the issuance of the warrant, for the reason that it fails to show that the appellant was indebted to the estate of Ottinger, or that the plaintiff was ever appointed by any court as administrator of the estate of Ottinger. As before stated, we are of the opinion that the affidavit, read in connection with the complaint, does state facts sufficient to show that the plaintiff was duly appointed administrator of the estate of Ottinger in the state of Pennsylvania.

An affidavit is not required to state the facts showing that the plaintiff is entitled to recover in the action as fully as they are required to be stated in the complaint. The statute does not contemplate that the plaintiff shall set out his cause of action in full in the affidavit. It simply requires that he state the grounds thereof with sufficient certainty to show that it is such a cause of action as will permit an attachment to issue. The defendant cannot be permitted to try the cause of action upon its merits upon a motion to dismiss or vacate the attachment proceedings. Section 207, Civ. Code Proc., provides that a warrant of attachment may be issued upon affidavit stating that a cause of action exists against the defendant; specifying the amount of the claim and the grounds thereof.

An affidavit upon an attachment was issued in this case, and seems to have fully complied with the provisions of this section. It states, in substance, that the defendant, Ben. W. Whitney, is justly indebted to the Germantown Trust Company, a corporation, administrator of the estate of William Ottinger,

19 S. D.—8

deceased, in the sum of $1,314.51, over and above all discounts and set-offs, which said sum is now due, and that a cause of action therefor in favor of the plaintiff and against the said defendant, Ben W. Whitney, exists, the grounds of which are as follows. The affidavit then proceeds to describe certain promissory notes executed by the defendant, Ben W. Whitney, which notes were duly transferred to plaintiff's intestate, giving the dates and amounts due upon the same, and concludes by stating that the defendant, Whitney, is not a resident of the state of South Dakota, and that he is the owner of certain real estate therein, subject to assessment, describing the same. The affidavit is clearly sufficient, therefore, to authorize the issuance of a warrant of attachment.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.