TEXAS & OHIO LUMBER COMPANY v. H. D. APPLEGATE ET AL.

Decided December 21, 1908.

**Receivership—Appeal—Statute Construed.**

Under the provisions of article 1383, Sayles Civ. Stats., no right of appeal is given from an order of a judge made in vacation refusing to vacate a receivership. Appeal lies only from an order appointing a receiver.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*W. W. Blake,* for appellant.—To authorize the appointment of a receiver of a corporation it is not sufficient to show insolvency or imminent danger thereof; the applicant must also show in addition thereto that his interest requires the appointment. The appointment should be made only upon a clear showing that the applicant's rights demand it, and that he has no other adequate remedy. A receiver will not be appointed at the suit of a stockholder for fraud, mismanagement or collusion on the part of corporate authorities or ultra vires acts, but will limit redress to enjoining the misconduct. Espuela Land & Cattle Co. v. Bindle, 5 Texas Civ. App., 21; Peoples Investment Co. v. Crawford, 45 S. W., 738; New Birmingham Land Co. v. Blevens, 34 S. W., 828; Farwell v. Babcock, 65 S. W., 512; Texas & P. Ry. Co. v. Gay, 86 Texas, 582.

A creditor of a corporation is not entitled to have a receiver appointed for a corporation, though there is manifest danger that the corporation property will be lost before the creditor can run an execution against it. A court of equity will not appoint a receiver for the property of a debtor on the application of general creditors whose claims have not been reduced to judgment, and who have obtained no lien on such property. Rev. Stat., art. 1492; New Birmingham Iron & Land Co. v. Blevens, 12 Texas Civ. App., 422; Cahn v. Johnson, 12 Texas Civ. App., 308; Texas & P. Ry. Co. v. Gay, 86 Texas, 604.

Statutes do not authorize the appointment of receivers before petition filed, and should not be appointed on ex parte application without notice, except in great emergency. This extraordinary power of

the court ought not to be exercised on ex parte hearing. Webb v. Allen, 15 Texas Civ. App., 609; Rogers v. Southern Pine L. Co., 21 Texas Civ. App., 60; 20 Am. & Eng. Ency. Law, pp. 11, 24, 84–86, 268, 277, 1st ed.; 5 Pomeroy's Eq., secs. 63, 69, 70, 71, 117, 118, 138.

·*E. E. Easterling,* for appellee.

PLEASANTS, CHIEF JUSTICE.—On the 14th day of May, 1908, the judge of the District Court for the First Judicial District, acting upon a petition and application presented to him by the appellees, H. D. Applegate and L. J. Hayes, appointed appellee I. D. Polk receiver of appellant company and empowered and directed him to take possession of the property and assets of the company and administer same under the direction of the court for the benefit and protection of the creditors and stockholders of said company. This order was made in vacation and without any notice to appellant company. Under this order the appellee I. D. Polk took possession of all of the property of appellant and is now holding same.

On the 29th day of September, 1908, the appellant company acting by its proper officers filed in the District Court of Jasper County an answer to the petition and application for receivership and a motion to vacate the order thereto made appointing a receiver for said company. To this answer and motion to vacate, the receiver I. D. Polk filed an answer containing, among other defenses general and special exceptions. The motion to vacate was heard by the judge in chambers the 3d day of October, 1908, and upon such hearing the exceptions of the receiver were sustained and said motion was dismissed. From this order appellant seeks to prosecute this appeal. Appellees have moved to dismiss the appeal, upon the ground that the statute does not authorize an appeal from an order of a judge made in chambers refusing to vacate an order previously made appointing a receiver. Article 1383 of Sayles' Civil Statutes granting the right of appeal to this court is as follows:

"An appeal or writ of error may be taken to the Courts of Civil Appeals from every final judgment of the District Court in civil cases, and from every final judgment in the County Court in civil cases in which the County Court has original jurisdiction, and from every final judgment of the County Court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs, and an appeal shall lie from an interlocutory order of the District Court appointing a receiver or trustee in any cause, provided said appeal be taken within twenty days from the entry of said order; an appeal under such cases shall take precedence in the Appellate Court, but the proceedings in other respects in the court below shall not be stayed during the pendency of the appeal, unless otherwise ordered by the Appellate Court."

It is clear that under this article of the statute no right of appeal is given from an order of a judge made in vacation refusing to vacate a receivership, and appellee concedes that ordinarily no appeal would

lie in such case. It is insisted, however, that in the present case the original order appointing the receiver was void, and that the first action of the court in said receivership proceedings which was not void having been taken on the 3d day of October, 1908, when the motion to vacate was passed upon, the appointment of the receiver should date from that time, and this appeal having been taken within twenty days from that date should be upheld.

It is a complete answer to this contention to say that conceding for the sake of argument that the original order appointing the receiver was void, it does not appear from the record that an order reappointing him or continuing the receivership under the former order was made on the 3d day of October, the only order appearing in the record being one sustaining exceptions to appellant's motion to vacate, and dismissing said motion. We think it clear that this order can not be treated as an order appointing a receiver from which the right of appeal is given by the statute before quoted.

There being no right of appeal from orders of this kind, this court is without jurisdiction to hear and determine the case sought to be presented, and appellees' motion to dismiss must be sustained.

*Dismissed.*