12747

JOSEY *ET AL.* v. REYNOLDS

350

*Messrs. Miller & Lawson,* for appellant,

*Mr. Samuel Want,* for respondents,

October 17, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by B. S. Josey, C. B. Windham, J. M. Dowling, R. R. Oates, and L. J. Beasley, as liquidating committee of Merchants' & Planters' Bank, of Lamar, S. C., against the defendant, C. L. Reynolds, commenced in the Court of Common Pleas for Darlington County, January 24, 1924, is an action on a promissory note executed and delivered by the defendant unto the said Merchants' & Planters' Bank, in the sum of $852, together with provision for the payment of interest and attorney's fees, dated November 3, 1928, and payable January 15, 1929, in which action a warrant of attachment was sought and procured against the defendant. The first warrant of attachment procured was, on motion of the defendant, vacated by order of his Honor, Judge E. C. Dennis, dated January 29, 1929. Subsequently the plaintiff procured another warrant of attachment on new or additional affidavits. The defendant made a motion before Judge Dennis to vacate this second warrant of attachment, but the motion was refused. Later the defendant on additional affidavits made another motion before his Honor, Judge Dennis, in which motion the defendant asked for an order to vacate the second warrant of attachment and to rescind the order theretofore made refusing the motion to vacate the said second warrant of attachment. This motion was also refused. From the aforesaid orders of the Circuit Judge pertaining to the second warrant of attachment the defendant has appealed to this Court upon exceptions which will be reported.

The question raised by the fourth exception, which should be considered at the threshold of the case, is whether or not an affidavit which does not state a cause of action against the defendant can be augmented by an unverified complaint, which states a cause of action, for the purpose of issuing a warrant of attachment based upon such insufficient affidavit, which affidavit makes reference to such complaint.

One of the conditions upon which a warrant of attachment may be issued is that it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof. Section 502, Vol. 1, Code 1922. Respondents concede that the affidavit upon which the warrant of attachment was issued does not comply with this requirement, but it is their contention that the defect is cured because the affidavit makes reference to the complaint which states a cause of action. This Court has held that a verified complaint attached to the affidavit may be used to augment the affidavit for the purpose of furnishing grounds for issuing the warrant of attachment, but an unverified complaint cannot be used for such purpose. While the respondents do not specifically admit the insufficiency of the verification of the complaint, they do not seem to controvert that position.

The verification to the complaint was made by an agent, and it is not stated by him that the note sued on is in his possession, nor is it stated by him why the verification is not made by a party plaintiff. We think it clearly appears from the record that the attempted verification of the complaint is not a compliance with the requirement, but that it is defective, and therefore the complaint cannot be used in connection with the affidavit for the purpose of issuing a warrant of attachment based thereon, even though the complaint be annexed to the affidavit. Respondent contends that this point was not sufficiently raised in the motions before the circuit Judge, and for that reason contends that it should not be raised at this time. We do not agree with respondent, but think that the grounds stated by the defendant before the circuit Judge upon which the several motions were based clearly raised this question, and that, under the appellants' exceptions, the question is properly before this Court.

It is the contention also of respondent that the appellant waived any defect in the verification by filing a verified answer to the complaint. Such action on

the part of the appellant could in no way change the statutory requirement for issuing the warrant of attachment. The warrant of attachment was not issued on the answer, but was issued on an insufficient supporting affidavit which made reference to an unverified complaint attached, which paper could not augment such insufficient supporting affidavit. The position of respondent is untenable.

The further contention of the respondent, that the defective verification in question should in any event be regarded as an affidavit for the purpose of augmenting the defective supporting affidavit upon which the warrant of attachment was issued, is also untenable.

The fourth exception is therefore sustained. We shall not pass upon the other exceptions.

It is the judgment of this Court that the orders issued by his Honor, Judge Dennis, appealed from herein, be reversed, and that the warrant of attachment issued in the cause be vacated.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE COTHRAN (dissenting) : This is an appeal from an order of his Honor, Judge Dennis, refusing a motion of the defendant to vacate an attachment. The motion was made upon grounds that suggest that the attachment was both irregularly and improvidently issued. As far back as the case of *Monday v. Elmore,* 27 S. C., 126, 3 S. E., 65, 66, the late Chief Justice Simpson very clearly explained the difference between an attachment *irregularly,* and one *improvidently,* issued: "An attachment is irregularly issued when it appears upon the face of the proceedings that there is no ground for the attachment; in other words, where the affidavit fails to contain the conditions upon which the law authorizes such a proceeding, to-wit, that a cause of action exists, that a certain sum is due, and that the de-

fendant has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his property, with intent to defraud his creditors. It is improvidently issued when the conditions necessary are stated, but they are untrue. * * *"

The basis of the charge that the attachment was *irregularly* issued is that there are no facts stated (in the affidavit?) warranting the issuance of the attachment, and that there are no facts stated (in the affidavit?) showing that the defendant, with the intent to defraud the plaintiffs as his creditors, has assigned, disposed of, and secreted funds. (It will be observed that these objections go to the *substance,* and not to the *form,* of the affidavit.)

The basis of the charge that the attachment was *improvidently* issued is that as a matter of fact it is not true, as alleged, that the defendant has assigned, disposed of, and secreted funds, with the intent to defraud his creditors. (It will be observed, of course, that this objection also does not go to the *form* of the affidavit.)

In addition to these objections as grounds of the motion to vacate the attachment, it is urged that the complaint is not verified; that an order vacating a previous attachment upon the same grounds is *res adjudicata;* and that the second attachment is in violation of Rule 61 of the Circuit Court.

These last three objections may be summarily disposed of: I know of no law which requires the complaint in an action to which an attachment is ancillary to be verified, so long as the affidavit upon which the attachment is issued conforms to the requirements of the statute; and I know of no law which would prevent the issuing of a second attachment, based upon an affidavit which cures a defect in the first; clearly Rule 61 applies to orders of Court, and not to warrants of attachment.

It will be observed that there is quite a difference between an objection to an attachment upon the ground *that the com-*

*plaint is not verified* and the objection *now* urged by counsel for the defendant that the *affidavit* is insufficient *in form,* in that it contains no statement of an existing cause of action in favor of the plaintiffs against the defendant, nor of the amount and grounds of the claim upon which a cause of action may be based. The objection that the complaint is not verified may be an excuse of the defendant to omit the verification of his answer, but it certainly is no objection to the validity of the attachment or to the form of the affidavit which purports to support it.

The point is that the defendant is now seeking to take advantage of the insufficiency of· the *affidavit,* upon the grounds stated, under an objection to the *verification* of the complaint, when he did not move to vacate the attachment upon the ground of insufficiency of the affidavit.

I do not think, therefore, that the defendant is now in a position to attack the attachment upon the ground of the insufficiency of the affidavit in the particulars named, as they were not made the grounds of his motion on circuit to vacate the attachment.

It might be conceded that the affidavit for the attachment is, *of itself,* insufficient in form, by reason of the omission of the statement that a cause of action. existed, with the amount and grounds thereof as required by the statute; the attack, however, of the defendant is upon the *verification,* not upon the *affidavit.* He may shatter the verification into fragments, and the cataclysm will not have affected the affidavit in the slightest particular, as the assault will not have been directed against it.

But let us see whether the assault upon the verification is successful:

The objections urged to its sufficiency are that it purports to have been made by an agent of the plaintiffs; that it contains no statement that the. note sued upon was in the posses-

sion of the affiant agent, and no statement of the reasons why it was not made by the plaintiffs or by some one of them; objections that do not appear to have appeared to counsel when the *verified* answer to the complaint was served. I find nothing in Section 418 of the Code which requires an agent, under such circumstances, to incorporate in his affidavit of verification a statement that the written instrument upon which suit was being instituted was at the time in his possession. It authorizes him under these circumstances to make the verification, and, if it should so appear as a fact, the verification is good; there is nothing which requires that fact to appear in the verification. But, if there was, I think that his possession would necessarily be implied from the situation which was developed. The bank had closed its doors; had been taken over by the bank examiner; an order of Court had been passed appointing the plaintiffs (I assume the directors) a liquidating committee, and the affiant had been appointed agent of the committee. I do not think it a violent assumption that under these circumstances he was put into possession of the entire assets of the bank for the purpose, under the direction of the committee and the examiner, to assemble the assets, convert them into cash, pay the debts, and distribute what salvage of the wreck may have been rescued.

The section of the Code appears to make it mandatory (which is not true of the matter just discussed), that, in the event that the verification is made by one not a party, the affidavit shall state the reasons why. When the situation above referred to is considered, and also the fact that the agent occupied the position of a trustee, who himself could have brought the suit, a sufficient explanation of why the plaintiffs did not verify the complaint appears. It certainly was not necessary to repeat the facts creating the situation.

If the agent had attempted to detail the reasons why the plaintiffs had not executed the verification, what possible

facts could he have stated in addition to those which already appeared by explicit expression or legitimate inference? If these reasons already so appeared, surely the law would not require an unnecessary repetition of them.

Besides, the verification contains a statement that the agent had personal knowledge of the facts set out in the complaint; which brings the case squarely under Section 418: " * * * or if all the material allegations of the pleading be within the personal knowledge of the agent."

If the assault upon the verification has failed, as I think it has, the discussion might end here, for it is thoroughly settled by the cases of *Addison v. Sujette,* 50 S. C., 192, 27 S. E., 631, and *Chitty v. Co.,* 62 S. C., 526, 40 S. E., 944, that, where the affidavit in attachment purports to incorporate a verified complaint, which is attached to and made a part of it, the complaint may be resorted to for the purpose of supplying any omissions in the affidavit; and in *Ferst v. Powers,* 58 S. C., 398, 36 S. E., 744, it is held that, where there is a verified complaint stating all of the facts necessary, it may take the place of an affidavit.

But, regardless of the fact that the complaint may not be verified, it is sworn to in the affidavit and by reference incorporated into and made a part of it, and the matter contained in it is as completely incorporated in the affidavit as if it had been inserted in it. I can see no reason in requiring that that which is intended to be incorporated in an affidavit, annexed to and made a part of it, should itself be sworn to. Suppose that an affidavit, instead of setting forth the amount and grounds of an obligation, specifically refers to a copy of such obligation and attaches it to the affidavit, as a part of it, would it be essential that that copy be sworn to? Should every exhibit to a complaint annexed to and made a part of the complaint be sworn to? If so, the known practice of half a century has been all wrong.

In 6 C. J., 118, it is said:

"If the declaration or complaint is required to be presented, *or may be considered on the application,* it may supply or remedy the omission of the affidavit to set out the cause of action or state the nature of the claim, or its insufficiency in that respect, or *it will be sufficient to refer to the pleading* to show the ground upon which the action is brought."

In *La Force v. Wear-Boogher Co.,* 8 Tex. Civ. App., 572, 29 S. W., 75, it was held that an affidavit in attachment, filed simultaneously with the original petition, in which the affiant stated that the defendant was indebted to the plaintiff in a certain sum "as set forth in plaintiff's petition filed in this cause," sufficiently described by such reference the demand under which the attachment was levied. The Court said: " * * * The petition removes any uncertainty in the description of the demand as contained in the affidavit." In that case the defendant contended that the affidavit failed to state the amount and nature of the claim, and was insufficient, unless the description thereof could be aided by the averments of the petition, which the Court held entirely proper.

"An affidavit for attachment sufficiently states the amount due if it refers to the petition wherein the amount is specifically set forth." *Boone v. Savage,* 14 La., 169; *Souberain v. Renaux,* 6 La. Ann., 201.

"Averments in the complaint may be referred to in order to sustain an attachment sued out in the action." *Grotte v. Nagle,* 50 Neb., 363, 69 N. W., 973; *Germantown Co. v. Whitney,* 19 S. D., 108, 102 N. W., 304; *White Day Co. v. Bank* (Tex. Civ. App.), 114 S. W., 1159.

In *Conan v. Fenn,* 159 Mo. App., 664, 140 S. W., 82, it was held permissible to determine the sufficiency of an affidavit in attachment by reference to the complaint.

In Drake, Attachment (5th Ed.), 79, it is said:

"And it is not essential that the amount should be set forth in terms in the affidavit, if the form of the pleading be

such as to require it to be stated in the petition, and it be there stated and be referred to in the affidavit as the sum for which the attachment is obtained."

In *Germantown Co. v. Whitney,* 19 S. D., 108, 102 N. W., 304, 305, it is said:

"While not stated in terms in the affidavit for the attachment that the plaintiff was duly authorized by the laws of Pennsylvania to act as administrator, it is so stated therein in effect, and it is so specifically stated in the complaint, which, for the purpose of this motion, may be referred to for the purpose of sustaining the attachment proceedings."

In *Hart v. Barnes,* 24 Neb., 782, 40 N. W., 322, 324, the Court said:

"The cause of action is not stated as fully in the affidavit for an attachment as is desirable, perhaps, but sufficient appears to show that the cause of action arises upon contract. It is not necessary, in the affidavit for an attachment, to set forth at length the cause of action. It is sufficient to state 'the nature of the plaintiff's claim.' This must appear to arise *ex contractu,* but where the statement is not as full as may be desired, reference may be had to the petition."

In *U. S. Capsule Co. v. Isaacs,* 23 Ind. App., 533, 55 N. E., 832, it was held, quoting syllabus:

"An attachment affidavit, stating that the plaintiff's claim in the action was 'a balance of a judgment in favor of plaintiff, described in the complaint,' and was 'on account of goods sold and delivered, described in the complaint,' sufficiently showed the nature of plaintiff's claim as founded on goods sold and delivered."

In *Simon v. Temple Co.* (Tex. Civ. App.), 146 S. W., 592, 593, the Court said:

"The Court did not err in overruling appellant's motion to quash the attachment, as set out in the first assignment of

error. The affidavit for the attachment describes the debt sued on as follows: 'That Phil Simon, the defendant, is justly indebted to the plaintiff on certain customer's draft in the sum of $564.82; that said customer's draft is dated October 14, 1910, and was due and payable at sight, and is now and has been long since due; that said customer's draft is fully set out in plaintiff's original petition above, and reference is here made to the petition for a full and complete description of said customer's draft.' The affidavit followed the petition which was not sworn to."

In *Matthai v. Conway,* 2 App. D. C., 45, it was held, quoting syllabus:

"Affidavits for an attachment in assumpsit by a firm for goods sold are sufficient where they show that plaintiffs are entitled to recover the amount claimed in the declaration, which, with the particulars of the demand, consisting of an itemized statement, is referred to in the affidavits."

In *Belden v. Read,* 27 La. Ann., 103, it was held, quoting syllabus:

"Where a petition stated that defendants were withholding from plaintiff, as the proceeds of the sale of his goods, at least $3,500, and asked judgment for that sum, or such amount as shall be found due, the attachment affidavit, alleging that all the allegations of the petition were true, sufficiently alleged a debt due to plaintiff in a certain sum."

In *Miller v. Chandler,* 29 La. Ann., 88, it was held, quoting syllabus:

"Where the affidavit for an attachment attests the truth of all the allegations of the petition, and the petition sets forth the non-residence of the defendant, and a cause of action, the affidavit is sufficient."

In *Crandall v. McKaye,* 6 Hun. (N. Y.), 483, it was held, quoting syllabus:

"An attachment was issued upon a defendant stating that a cause of action existed in favor of the plaintiff against the defendant, arising out of a contract made and executed by the defendant, which was 'more particularly set forth in the copy of complaint hereto annexed.' A copy of a verified complaint setting forth the contract was annexed to the affidavit. Held, that the affidavit was sufficient."

In *Stifel v. Bank* (Super. Ct. Cin.), 16 Wkly. Law Bul. 398, it was held, quoting syllabus:

"An affidavit for attachment may be enlarged by incorporating the allegations of the petition in it by express reference."

In *Cleveland v. Boden,* 63 Tex., 103, it was held, quoting syllabus:

"Where an affidavit in attachment is defective in not stating the amount of the debt with certainty, reference may be had to the petition to ascertain the amount thereof."

I admit that there is a declaration in the opinion of the Court in the case of *Addison v. Sujette,* 50 S. C., 192, 27 S. E., 631, 634, which is apparently opposed to the conclusion which I have reached. It is this:

"Now, it may be true that a duly verified complaint, if attached to the affidavit upon which an attachment is applied for, and therein referred to as a part thereof, may be regarded as a part of such affidavit, yet, in this case, the essential condition that the complaint has been duly verified is wanting."

Following this case is that of *Chitty v. Company,* 62 S. C., 526, 40 S. E., 944, where the same declaration is made. I fail to see the reason or justice of this doctrine. The affidavit, not the complaint, is the basis of an attachment, and, if the affiant should incorporate under oath the allegations of the complaint in his affidavit by reference, what possible strength would be added to the affidavit by the verification of the complaint?

Another consideration strongly appeals to my judgment. While the affidavit of the agent may have been insufficient as a *verification* to the complaint by reason of the omissions pointed out, it is nevertheless *an affidavit,* and was before his Honor, Judge Dennis, in passing upon the motion to vacate. It is essentially different from the verification in the *Addison v. Sujette case.* The verification in that case was insufficient both as a verification and an affidavit, for the reason that the affiant deposed to the truth of the allegations of the complaint except as to such matters as were stated upon information and belief, when there was no separation in the complaint which gave evidence of what was directly alleged and what on information and belief. This vice does not adhere in the present verification, as the complaint will show. It is a perfectly sound affidavit, and was entitled to be resorted to in passing upon the motion to vacate.

The only objection *now* urged by the defendant to the *form* of the affidavit is that it does not contain a statement, in itself, that a cause of action exists in favor of the plaintiffs against the defendant, with a further statement of the amount and grounds of the claim upon which it is based. I think that it would be carrying technicalities to the limit to dismiss the attachment upon this ground, in view of the fact that the answer of the defendant admits all that he claims to have been omitted from the affidavit. See paragraph 1 of the answer and paragraph 2 of the complaint. I think that under these circumstances the Court might well assume or order that the affidavit be amended.

Upon the merits of the issue as to the truth of the charges made against the defendant, supporting the attachment, I think that the order appealed from is a sufficient justification of its correctness.

I think, therefore, that the order of his Honor, Judge Dennis, should be affirmed.