16029

ROBERTS v. ONE INTERNATIONAL TRACTOR, MISSOURI LICENSE NO. 158-164 *ET AL.*

(46 S. E. (2d)· 62)

*Mr. C. M. Edmunds,* of Sumter, for Appellant, cites:

*Messrs. Lee & Moise,* of Sumter, for Respondent, cite:

January 13, 1948.

FISHBURNE, J.: This was an action for the recovery of damages in which the plaintiff obtained from the magistrate for the Third Magisterial District of Sumter County a writ of attachment authorizing the seizure of the defendant's tractor and trailer, which were the property of the defendant, William Cohen, a non-resident.

The warrant was issued on April 1, 1947, on the affidavit of the plaintiff. And the only question presented by the appeal is whether the circuit court committed error in vacating the attachment upon the ground that the affidavit on which it was based was insufficient and fatally defective.

The proceeding was commenced by the service of an affidavit, warrant of attachment, bond and summons. The affi-

davit was signed by the plaintiff and duly sworn to before a Notary Public. It merely avers that "defendants are justly and truly indebted to plaintiff in the sum of Two Hundred ($200.00) Dollars, and that plaintiff is entitled to an attachment against defendants upon the following grounds: See affidavit attached hereto and made a part hereof."

Section 529 of the Code provides that the warrant may be issued whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof. The circuit court held that the affidavit upon which the warrant of attachment was issued was insufficient and fatally defective, in that it failed to state a cause of action under the Code provision.

The appellant contends, however, that a typewritten sheet of paper attached to the affidavit in question by staple contains allegations setting forth the cause of action, and was incorporated therein by reference. The allegations appearing in the separate sheet were introduced by the following statement: "That the defendants herein are justly and truly indebted unto plaintiff upon the following grounds:". Then it is alleged that on March 30, 1947, the defendants, truck and trailer, owned by the respondent, William Cohen, were negligently driven into the side of plaintiff's trailer, resulting in damage amounting to the sum of $200.00. The attached statement concludes thus: "Wherefore, plaintiff prays judgment against the defendants for the sum of Two Hundred ($200.00) Dollars and the costs and disbursements in this action." And the paper was signed "C. M. Edmunds, Plaintiff's Attorney."

In our opinion, the circuit court correctly concluded that the annexed typewritten sheet could not be considered as an affidavit. As stated by the court in its order. "This typewritten sheet is not so designated (*i. e.*, as an affidavit) on its face; no earmarks of an affidavit appear anywhere upon it." It was not signed by an affiant nor probated before any officer to administer oaths. This statement attached to the plaintiff's affidavit contains allegations ordinarily ap-

propriate to a complaint for damage to personal property caused by a motor vehicle upon a highway, and concludes with a prayer for judgment for the sum of $200.00, and the costs and disbursements of the action. If construed as a complaint, it is unverified, and therefore fails to meet the statutory requirement.

An identical legal question was presented in the case of *Addison v. Sujette,* 50 S. C. 192, 27 S. E. 631, 634, where the court held: "Now, in this case it is very obvious that the affidavit upon which the warrant of attachment was obtained does not comply with this requirement of the Code. It does not even purport to set forth the cause of action, and certainly does not specify the amount of the claim, or the grounds thereof, except 'by reference to the sworn complaint hereto annexed as a part of this affidavit * * *.' Now, while it may be true that a duly verified complaint, if attached to the affidavit upon which an attachment is applied for, and therein referred to as a part thereof, may be regarded as a part of such affidavit, yet in this case the essential condition, that the complaint has been duly verified, is wanting." And the court concluded: "It is clear, therefore, that the affidavit upon which the warrant of attachment was issued was fatally defective, in that it was not therein made to appear 'that a cause of action exists against such defendant specifying the amount of the claim and the grounds thereof.' "

. The same question subsequently arose in the case of *Josey v. Reynolds,* 152 S. C. 339, 150 S. E. 67, where the contention was made that the defect in the affidavit upon which the warrant of attachment was issued was cured because the affidavit made reference to an attached complaint which sufficiently stated the cause of action. However, in that case the complaint was unverified. The court held that a verified complaint attached to the affidavit may be used by reference to augment the affidavit for the purpose of furnishing grounds for issuing a warrant of attachment, but that an unverified complaint could not be used for such purpose.

The appellant contends that his affidavit was merely *continued*—and he emphasizes the word "continued"—on the separate sheet which was attached thereto, and which was expressly incorporated therein.

We do not think, however, that the record can reasonably be so construed. The last sentence of the affidavit states: "See affidavit attached hereto and made a part hereof," but no affidavit was attached. As heretofore stated, the annexed paper was is substance an unverified complaint. The affidavit which was signed by the plaintiff and upon which the warrant of attachment was issued, does not comply with the Code provisions (Sec. 529), because it fails to allege the grounds of the claim, and therefore states no cause of action.

Judgment affirmed.

BAKER, CJ., and STUKES, TAYLOR and OXNER, JJ., concur.