### LITTLE v. CHRISTIE

SUMMONS.—Proceedings as to publication of a summons to a non-resident before attachment of non-resident's property, are null and void.

MR. JUSTICE JONES *dissents.*

Before TOWNSEND, J., Richland, July, 1903.    Affirmed.

Action by Robert Little against George B. Christie *et al.,* doing business as Christie, Lowe & Heyworth.   From order declaring service of summons by publication void, plaintiff appeals.

*Messrs. John T. Sloan* and *R. B. Herbert,* for appellants. *Mr. Sloan* cites: Code of Proc., 148, 155; 156, 158, 160; 17 S. C., 406; 32 S. C., 343; 95 U. S., 714; Code of Proc., 248, 249; 28 S. C., 521; 119 U. S., 185; 79 Pa. St., 354; 15 Ohio, 33; 39 Neb., 679; 5 Rich., 63; 2 Speer, 640; 35 S. C., 94; 19 S. C., 526; 32 S. C., 319; 39 S. C., 484.

*Messrs. Barron & Ray,* contra, cite: 95 U. S., 714; 39 S. C., 84; 11 How., 437; 32 S. C., 319.

April 26, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order of the Circuit Court, setting aside and vacating the service of summons by publication on the defendants, who are non-residents.   The action was commenced in the Court of Common Pleas for Richland County, for damages alleged to have been sustained by the plaintiff, while in the employment of the defendants.   The complaint alleges that the defendants are non-residents, but does not allege that they own property in the State.   On the 7th of April, 1903, the plaintiff obtained an order of publication of the summons, and commenced the publication on that day.   The last publication

was made on the 12th of May, 1903. On the 12th of June, 1903, the plaintiff applied to the clerk of the Court of Richland County, for a warrant of attachment against certain personal property, situated in Lexington County, S. C., of which it was alleged the defendants were the owners. On the 8th day of June, 1903, the sheriff of Lexington County levied the attachment. On the 25th of June, 1903, the defendants appearing solely for the purpose of the motion, gave notice that they would move to set aside the service of the summons, on the ground that the Court did not have jurisdiction in the premises. The motion was granted, and the plaintiff appealed, upon the following exceptions:

"1. For that his Honor erred in deciding that there was no legal service of the summons in this case.

"2. For that his Honor erred in deciding that the 'attempted service was null and void.'

"3. For that his Honor erred in adjudging and ordering the service of the summons to be set aside and vacated.

"4. For that his Honor erred in not holding and deciding that an attachment having been duly levied, after the issuing of the summons herein on the property of the defendants in this State, the service by publication was valid to give the Court jurisdiction, to the extent of subjecting the property to the payment of any final judgment that might be recorded therein."

The following sections of the Code relate to the question under consideration: Sec. 148. "Civil actions in the courts of record of this State shall be commenced by the service of a summons." Sec. 156 contains the provisions that, where the person on whom the service of the summons is to be made, cannot, after due diligence, be found within the State, and that fact appears by affidavit to the satisfaction of the Court, or a Judge thereof, the clerk of the Court of Common Pleas, master or the probate judge of the county where the trial is to be had, and it in like manner appears that a cause of action exists against the defendant, in respect to whom the service is to be made, such Court, Judge, clerk, master or

judge of probate, may grant an order that the service be made by publication, where the defendant is not a resident of this State, but has property therein, and the Court has jurisdiction of the subject of the action.

Sec. 158. "In the cases mentioned in sec. 156, the service of the summons shall be deemed complete, at the expiration of the time prescribed by the order of publication, except in the case of personal service, in which case such service shall be complete and final on the day on which it is made, as provided in said sec. 156." Sec. 248 provides that "the plaintiff, at the time of issuing the summons, or any time afterwards, may have the property of such defendant attached, in the manner hereinafter prescribed, as a security for the satisfaction of such judgment as the plaintiff may recover; and for the purpose of this section, an action shall be deemed commenced when the summons is issued: *Provided, however,* That personal service of such summons shall be made, or publication thereof commenced, within thirty days."

If the attachment had not been levied, the proceedings to serve the defendant by publication, would be construed as the foundation for recovering judgment against the defendants *in personam.* But the case of *Pennoyer* v. *Neff,* 95 U. S., 714, shows that the service of the summons by publication was ineffectual, for the purpose of recovering judgment against the non-resident defendants *in personam.* If the language of the Code rendered it necessary to construe it as attempting to confer the right to recover a judgment *in personam* against non-resident defendants, then it would, to that extent, be in conflict with the principle announced in *Pennoyer* v. *Neff,* 95 U. S., 714, and, therefore, would be unconstitutional. Such a construction is not necessary. In construing the statutes above referred to, after a careful review of the case of *Pennoyer* v. *Neff,* Chief Justice McIver, speaking for the Court, in *Tillinghast* v. *Boston Company,* 39 S. C., 496, said: "These being the well settled principles applicable to a case like the one now under consideration,

established by the Supreme Court of the United States, a tribunal which is invested with final jurisdiction in controversies between citizens of different States, it seems to us that we are bound, if practicable, to put such a construction upon the provisions of our Code, above referred to, as will bring it into conformity with such principles. This, we think, can be done by construing the above mentioned provisions of our Code as applying only to cases in which a warrant of attachment has been issued or to some other proceeding *in rem,* or in the nature of a proceeding *in rem,* and not to cases of mere personal actions, in which only a personal judgment can be obtained. For it must be remembered that an action cannot now, as formerly, be commenced by a writ of foreign attachment; but that, now, under the Code, an attachment is merely a provisional remedy in aid of an action; and hence, to make it available, an action must be commenced in regular form, and judgment therein must be recovered before the attachment can yield the fruits it is designed to produce. We are, therefore, compelled to construe the provisions of the Code above referred to, providing for the mode of making a non-resident a party to an action, as applying only to such actions as may be regarded as a proceeding *in rem,* and not applying to mere personal actions, in which only a personal judgment is sought or can be obtained."

What effect did the subsequent attachment have upon the proceedings to serve the defendants by publication? The validity of the proceedings to serve the defendants by publication, is dependent upon the time when the action is deemed to have been commenced. Sec. 248 of the Code provides that for the purposes of said section, an action shall be deemed commenced when the summons is issued. It is, therefore, important to determine when the summons is deemed to be issued within the intention of that section. We are not without authority upon this question. In *Smith* v. *Walker,* 6 S. C., 169, the Court uses this language: "It is apparent that there was a summons in existence at the

time the application for the attachment was made. But the parties contend that such summons was not issued in the sense of sec. 250 (now sec. 248), at the time of the application for the attachment. In order to construe the meaning of the term 'issue,' as applied to the present case, we must inquire whether there was any act to be performed by the plaintiff's attorney, after he had made out the summons and previous to his making his application for an attachment. He was not bound to place it in the hands of the sheriff for service. The service of the summons may be made by any person not a party to the action. Sec. 156. When the defendant is known to be a non-resident, and actually absent from the State, it would be useless to go through the forms of placing the summons in the hands of any person for service, and the Code does not require it. The proper mode of service in that case is by publication—an act performed under the direction of the attorney for the plaintiff, in accordance with the order of publication. There is no good reason why the attorney may not retain the summons in his own hand, in order that it may be attached to and filed with the proof of service by publication. In the case, then, of a non-resident, the summons must be regarded as issued, within the intent of sec. 250 (now sec. 248), as soon as it is made out, and an application founded on it for an attachment."

The Court, therefore, did not acquire jurisdiction of the action until the summons was "made out and an application founded on it for an attachment." It necessarily follows that the proceedings by publication before the action was commenced were null and void, and were properly set aside and vacated.

The Court, however, does not undertake to decide that the attachment should be dissolved, nor to determine the right of the plaintiff to serve the non-residents by publication, since it appears that the summons was "made out and an application founded on it for an attachment."

It is the judgment of this Court that the order of the Circuit Court be affirmed.

MR. JUSTICE JONES, *dissenting.* The case of *Pennoyer* v. *Neff,* 95 U. S., 714, merely decides that service by publication alone does not give the Court jurisdiction to render a judgment *in personam* against a non-resident, a principle well established by our own cases, among the latest of which is *Pepper* v. *Shearer,* 48 S. C., 492, 26 S. E., 797. The case of *Pennoyer* v. *Neff,* however, recognizes that service by publication, in connection with an attachment of the non-resident's property within this State, is effectual to give jurisdiction to render judgment to the extent of the property attached.

The summons in this case was dated 6th of April, 1903, and on the 7th April, 1903, the plaintiff filed affidavits with complaint showing that a cause of action arising in this State existed against the defendants, that defendants were non-residents of this State, and could not after due diligence be found within the State, and that defendants owned property in this State, consisting of steam drills,, hoisting engines, &c., at Cayces, S. C., where they do business. Thereupon an order for publication of said summons was made, copy of summons and complaint mailed to each of the defendants at their respective places of residence, and publication of summons in the *Daily Record,* a newspaper published in the city of Columbia, was commenced on said 7th day of April, 1903, and continued weekly for six weeks. Now it is claimed that all this is void for want of jurisdiction, merely because an application for attachment was not made until the 12th day of June, 1903, when an attachment was issued, under which the property of the defendants was seized on the 18th day of June, 1903. In the absence of any statute expressly requiring it, I do not think it is material which precedes, whether service by publication or the attachment, provided both exist when judgment is demanded to the extent of the property attached. In 17th Ency. Pl. & Pr., 44, it is stated that, under some statutes, the attachment must precede the order of publication, though the rule is otherwise in some States, citing on the last proposition, *Sawyer* v. *Saw-*

*yer,* 16 Ind., 213; *Iowa State Savings Bank* v. *Jacobson,* 85 Dak., 292; *Tufts* v. *Volkening,* 122 Mo., 631. If the statute provided that attachment could issue only at the time of the issuance of the summons, there would be ground for holding that the warrant of attachment should precede the order for publication, but our statute, sec. 248, Code Procedure, provides that an attachment may issue "at the time of issuing the summons or *any time afterwards.*"

The rule stated in *Smith* v. *Walker,* 6 S. C., 169, and *Cureton* v. *Dargan,* 12 S. C., 122, that summons is considered issued as soon as it is made out and an application for attachment founded on it, was undoubtedly correct as applied to cases where the summons was dated after the warrant of attachment was issued, and the question was whether the attachment preceded the issuance of the summons. But those cases did not mean to lay down a hard and fast rule to determine in all cases when a summons is issued against a non-resident. The argument is quite as strong that a summons is issued against a non-resident, who cannot be found within the State, when it is made out as required by statute and an order of publication obtained in the manner provided by law. After this the procedure in connection with the summons relates to its service rather than to its issuance.

The argument that a summons against a non-resident is not issued until application thereon for attachment, is wholly inconsistent with the statute permitting an attachment to issue at any time after the issuance of the summons. There is no reasonable ground for distinguishing between the time of application for attachment and the time of issuance pursuant to the application, and it could hardly be said that the words "at any time afterwards," meant merely to cover the interval of time between an application for attachment and the issuance of the attachment. If this be so, then a ruling that summons is only issued against a non-resident, when attachment is applied for, would practically strike the words "at any time afterwards," out of the statute. For the purposes of sec. 248, Code, providing for attachment, an action

is deemed commenced when the summons is issued, provided personal service shall be made or publication begun within thirty days. This does not necessarily mean that publication in all cases must commence within thirty days after the granting of an attachment, but it is as reasonable to say that it means that publication should be commenced within thirty days after the issuance of the summons.

The Court had undoubted jurisdiction of the subject matter, and upon compliance with the statute regulating the same, had jurisdiction to proceed in the matter of service by publication. The statute regulating service by publication does not require any showing that an attachment has been issued or served, as it undoubtedly would if the legislature had intended that order for publication should only issue after an attachment; on the contrary, the statute merely requires a showing that the non-resident has property in the State, which was complied with in this case, thereby showing that attachment was in contemplation as the only method of reaching defendant's property. Of course, under *Pennoyer* v. *Neff* and *Tillinghast* v. *Boston Company,* service by publication would be ineffectual unless there should be an attachment before judgment; but in this case there is an attachment of defendants' property. The case of *Tillinghast* v. *Boston Co.* related to a case in which there was no attachment, and *could be none, as the defendant therein had no property in this State,* and, therefore, affords no authority in this case, where defendants' property has been attached.

I see no good reason for declaring the proceedings by publication void for want of jurisdiction.