### 7251

### BREON v. MILLER LUMBER CO.

1. Non-Resident.—Service of summons on non-resident in a foreign State after publication and before attachment of property here is void.

2. Ibid.—Service of summons in this State on non-resident coming here to testify in a case in which he is also a party is void.

3. Corporations.—Service of summons on a domestic corporation by service on its president, a non-resident, while in attendance here on the Court as a party and a witness, is a valid service on the corporation.

BEFORE WILSON, J., Barnwell, November, 1908. Modified.

Action by Geo. B. Breon against Miller Lumber Co. and Henry I. Wilson as trustee, and in his own right. From order refusing motion to set aside service of summons on defendants, they appeal.

*Messrs. J. F. Carter* and *W. H. Townsend,* for appellants, cite: *As to service on non-resident:* 69 S. C., 57; 72 S. C., 450; 63 S. C., 104; 62 S. C., 533; 76 S. C., 336; 16 S. C., 499; 30 S. C., 360; 81 S. C., 44; 50 S. C., 200; 80 S. C., 138; 54 S. C., 592; 36 L. R. A., 405. *As to service of non-resident attending Court:* 5 Rich., 523; 53 Mich., 541; 18 N. E., 483; 20 N. E., 250; 25 S. E., 947; 56 Am. D., 713; 155 Fed., 828; 4 N. J. L., 367; 68 Fed., 439; 23 Am. R., 35; 69 Atl., 888; 107 S. W., 968; 38 Am. R., 713; 20 L. R. A., 45; 87 N. Y., 568; 18 N. E., 483; 39 Minn., 179; 45 N. J. L., 119; 88 S. W., 862; 64 L. R. A., 534; 3 L R. A., 266; 42 Cent. L. J.; 7 L. R. A., 817; 40 Ohio St., 280; 11 N. W., 280; 4 N. J. L., 367; 1 N. J. L, 142; 19 N. W., 178; 7 Jones, 629; 38 Am. R., 717; 9 S. E., 679; 25 S. E., 734; 38 L. R. A., 663; 7 L. R. A., 511; 25 S. E., 947. *As to service on domestic corporation by service here on non-resident president:* 11 L. R. A., 101.

*Messrs. J. O. Patterson & Son* and *Bates & Simms,* contra. *Messrs. Patterson & Son* cite: *As to service of non-resident:* Code of Proc., 156; 16 S. C., 498; 42 S. C., 520. *As to service on domestic corporation by service on non-resident president here:* Code of Proc., 156; 44 S. C., 182.

*Messrs. Bates & Simms* cite: *Non-resident witness is not free from service of civil process, but from personal detention:* Harp., 452; 56 S. C., 67.

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement appears in the record:

"This is an appeal from an order of the Hon. John S. Wilson, Circuit Judge, presiding in the Second Circuit in the above-entitled action, made at chambers, in Bamberg, S. C., on the 12th day of November, 1908, refusing two motions, made separately, by the defendants, the Miller Lumber Company and Henry I. Wilson, to set aside the service of the summons in the above-entitled action, which had been made upon each of them, respectively, as follows: On the Miller Lumber Company on or about September 29, 1908, by service, after order for service by publication, on R. C. Gourley, its secretary, without the State of South Carolina, and in Punxsutawney, in the State of Pennsylvania; and on the 20th day of October, 1908, on Adam Miller, its president, in Barnwell, S. C., and on Henry I. Wilson, a non-resident of the State of South Carolina, on or about the 29th day of September, 1908, in Big Run, Jefferson county, Pa., and on the 20th day of October, 1908, in Barnwell, S. C. Each of said defendants having appeared separately, specially and only for the purpose of their respective motions. The two motions were for the convenience of counsel, heard together."

The complaint upon which the summons was issued seeks the recovery of damages against the defendants for the sum of four hundred and seventy-nine thousand two hundred and fifty-nine and 82-100 dollars.

The first question that will be considered is, whether the service of summons, made upon the defendant, Henry I. Wilson, without the State of South Carolina, and within the State of Pennsylvania, in September, 1908, after and pursuant to the order for service by publication, was either void or voidable.

This question is concluded by the case of *Little* v. *Christie*, 69 S. C., 57, 48 S. E., 89, in which the Court ruled

that proceedings for the service of summons by publication on a non-resident before attachment of his property are null and void.

The next question for consideration is, whether the service of summons, made on Henry I. Wilson, a non-resident of this State and only temporarily within this State for the sole purpose of attending, as a party defendant and a witness, a reference being held at Barnwell, S. C., on the 20th of October, 1908, under an order of the Court, in another action pending therein, for the foreclosure of a mortgage on specific property, situate within this State, while in attendance on such reference, should have been vacated and set aside.

Section 847 of the Code of Laws is as follows "No person shall be arrested while actually engaged in or attending military or militia duty, or going to, or returning from the same, nor while attending, going to, or returning from any Court, as party or witness or by the order of the Court, except for treason, felony or breach of the peace; but in such case process may be served, without actual arrest of body or goods."

In the case of *Cooper* v. *Wyman*, 122 N. C., 786, 25 S. E. R., 947, it was held that a non-resident who comes into the State, for the sole purpose of attending a litigation, either as suitor or witness, is exempt from service of civil process during his coming, his stay, and a reasonable time for returning.

The Court in that case used the following language : "As stated in many of the cases, this settled rule is based upon high considerations of public policy, not upon statutory law, since it is the public interest, that suitors and witnesses from other States, who can not be compelled to attend our Courts, may not be deterred from voluntary appearing by fear of being served with process in other actions; their presence if obtainable, being calculated to enable the Courts to more thoroughly educe the truth of the matters

in litigation. *Baldwin* v. *Emerson,* 16 R. I., 304, 15 Atl., 83. In some few of the earlier cases it was questioned whether the privilege was not restricted to witnesses, but all the later and better considered cases embrace parties as well as witnesses, more specially since the change, which enables parties to be examined as witnesses. *Matthews* v. *Tufts,* 87 N. Y., 568; *Bank* v. *McSpedan,* 5 Bliss., 64, Fed. Cas No. 7, 582. No one is hurt by this exemption, since, if it did not exist, the non-residents would not come here and service of summons on them could not be made any way. *Sherman* v. *Bundlach,* 37 Minn., 118, 33 N. W., 549; *Ballinger* v. *Elliott,* 72 N. C., 596. The exemption covers the time of their coming, stay, and reasonable time for returning, *eundo, morando et redeundo;* but the exemption is strictly restricted to those instances in which the person claiming it is in this State for the purpose of attending the litigation as a party or as a witness, and for no other purpose whatever. If he is here for any other cause besides attendance upon the suit, the ground of the exemption ceases, and he is subject to service of process. There is also an exemption where there is an action, brought against a plaintiff, for maliciously bringing the very action which he comes to the State to prosecute. *Mullen* v. *Sanborn, supra.* The exemption, being long and universally recognized and not being statutory, could only be repealed by an express statute, which no State has passed."

The foregoing states clearly the well-established rule of law, which is fully sustained by the numerous authorities cited in the argument of the appellant's attorneys, and those collected in eighteen pages of small type in the notes to *Mullen* v. *Sanborn* (Md.), 25 L. R. A., 721; 29 Atl., 522.

His Honor, the Circuit Judge, therefore erred in refusing to set aside the service of the summons on said defendant.

The next question that will be considered is, whether the service of summons, made on the Miller Lumber Company, a domestic corporation of this State, by serving Adam

Miller, its president, a non-resident of this State, and only temporarily within this State for the sole purpose of attending as a party plaintiff and a witness, a reference being held in Barnwell, S. C., on the 20th day of October, 1908, under an order of the Court of Common Pleas, in another action pending in that Court, for the foreclosure of a mortgage on specific property within this State, while in attendance on such reference, should have been vacated and set aside.

The appellant's attorneys rely upon the case of *Mulhearn* v. *Press. Pub. Co.*, 11 L. R. A. (N. J.), 101, and quote the following language from Mr. Justice Reed, who delivered the opinion of the Court:

"Nor do I think the fact that the witness, upon whom service was made, was not himself the defendant in the action in which the process was issued, but was an officer of the corporation defendant, deprives him of the privilege of immunity of service. Corporations, while distinct entities, act, and are acted upon, only through their officers or other agents. Any service of process in its character personal must be upon an officer or agent. When a person happens to be an agent or officer, a service upon whom is a service upon a corporation in a foreign jurisdiction, service upon him in his representative character is quite as likely to be inimical to the rule of privilege as if the service was made in an action brought against the officer personally. The interest of the officer in the corporation which he represents would naturally deter him from a course of conduct which would operate to the prejudice of his corporation. The repugnance of an officer to having his corporation drawn into litigation, in a foreign jurisdiction, would be quite as likely to keep him at home as if it was merely the danger of service in a personal action."

That case, however, has no application, for the reason that both the corporation and its representative were non-

residents, while in the case under consideration, the corporation, is domestic.

The plaintiff herein is not seeking any relief whatever against Adam Miller, in his individual capacity, and a judgment *in personam* can not be recovered against him.

If the service of the summons on Adam Miller should be set aside, it would enure to the benefit of a domestic corporation, which is not entitled to the privilege, and exemption from service of civil process accorded to non-residents.

Section 155 of the Code provides that the summons shall be served by delivering a copy thereof, as follows: "If the suit be against a corporation, to the president, or other head of the corporation, secretary, cashier, treasurer, a director or agent thereof."

Whatever doubt may exist, as to the right to serve the summons on the president outside the State, when he is a non-resident, the Code clearly contemplates service of the summons on the president, if within the State, even though he be a non-resident and in attendance upon Court, either as a suitor or witness.

It would lead to great injustice if the officers of a domestic corporation had it in their power to render inoperative the provisions of Section 155 of the Code.

His Honor, the Circuit Judge, therefore, properly refused to set aside the service of the summons on Adam Miller.

It is the judgment of this Court, that the order of the Circuit Court be reversed as to Henry I. Wilson, and affirmed as to the Miller Lumber Company.