## 9749

### COOK v. COOK.

### (93 S. E. 138.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.—The affidavit for attachment of of a crop, stating merely that defendant fails and refuses to pay, and is about to sell and dispose of said crop subject to such lien and defeat the same, is insufficient, not stating facts whereby the

intent can be inferred, or that defendant is actually selling it, or has sold and disposed of any part of it, or has done any act whereby the intent to dispose thereof can be inferred, or has made any declaration indicative of his intent.

Before WILSON, J., Greenwood, April, 1916. Affirmed.

Action by J. L. Cook against George Q. Cook. From an adverse order, plaintiff appeals.

*Messrs Tillman & Mays,* for appellant, cite: *As to procedure to enforce lien:* Civil Code, sec. 4167; 31 S. C. 444; 27 S. C. 126.

*Messrs. Grier, Park & Nicholson,* for respondent, cite: Civil Code, secs. 4166, 4167, 3059; 26 Stats. 178; 31 S. C. 444; 58 S. C. 98; 27 S. C. 126. *Attachment:* Code Civ. Proc., sec. 279.

July 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Wilson reversing a judgment rendered in the magistrate's Court and dissolving a warrant of attachment issued from magistrate's Court whereby defendant's property was attached.

The only question involved in the appeal as made by the exceptions is whether or not the affidavit in the case is a sufficient affidavit upon which to base a warrant of attachment for seizure of the crops of defendant. The magistrate held it was sufficient, and Judge Wilson reversed this holding. The affidavit states:

"The said George Q. Cook fails and refuses to pay the sum, and is about to sell and dispose of said crop subject to such lien and defeat the same. * * *"

The plaintiff does not state any facts whereby the intent of the defendant can be inferred. He does not state that the defendant is actually selling the crop, or that he has done any act whereby this intent to dispose of the crops can be inferred, or that he has actually sold or disposed of any part of the crop, or that the defendant has made any declaration indicative of his intent. The affidavit does not allege positively of the knowledge of the affiant that such an act has been done, or that any declaration of defendant made that he intends to dispose of the crop, or that any one has heard such declaration of defendant whereby it can be inferred that he intends to dispose and sell the crop and affiant gives the source of his information from designated persons.

We do not think that the affidavit is sufficient under *Monday* v. *Elmore,* 27 S. C. 126, 3 S. E. 65. In this case affidavit stated defendant "is actually disposing of said crops subject to the lien." In the authorities therein quoted the decision is adverse to the claim of the appellant, and sustains Judge Wilson; also the case of *Sharp* v. *Palmer,* 31 S. C. 444, 10 S. E. 98.

Exceptions overruled. Order appealed from affirmed.