In the Matter of the General Assignment of THOMAS E. NOYES & Co., a Copartnership Consisting of THOMAS E. NOYES and Others, to RICHARD E. NEBEL, Assignee, Appellant. FANNIE A. NOYES, Appearing Specially, Respondent.

In the Matter of Supplementary Proceedings upon the Judgment in the Action of EDWARD J. BACKENSTOS, Judgment Creditor, Appellant, v. THOMAS E. NOYES and Others, Judgment Debtors. FANNIE A. NOYES, Appearing Specially, Respondent.

*Process — non-resident — officer of domestic corporation — immunity.*

Appeal from an order of the Supreme Court, entered in the New York county clerk's office August 28, 1919, granting a motion to set aside service of a subpœna in assignment proceedings; also an appeal from an order of the Supreme Court entered September 4, 1919, granting a motion to set aside a

third party order, a subpœna and a subpœna duces tecum in supplementary proceedings.

Orders affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Page, Merrell and Philbin, JJ.; Page, J., dissented.

PAGE, J. (dissenting): These are appeals from an order vacating and setting aside the service of a third party order in supplementary proceedings, and a subpœna duces tecum, and a subpœna for the attendance of Fannie A. Noyes individually and as secretary and treasurer of a domestic corporation, upon the ground that she was a non-resident of this State and was in attendance at the county court house in Kings county pursuant to an order for her examination as a party before trial in an action pending in the Supreme Court. I dissent from the affirmance of these orders on the ground: (1) That she did not come into this State voluntarily as a witness. She came here under compulsion of an order of the Appellate Division of the Supreme Court, Second Department, which provided that if she failed to appear her answer would be stricken out; (2) the process was not against her individually, but against the domestic corporation of which she was secretary and treasurer. The examination of the corporation by her as an officer thereof was sought. (Code Civ. Proc. § 2444.) The individual immunity of a non-resident does not extend to the non-resident officer of a domestic corporation. (See *Breon* v. *Miller Lumber Co.*, 65 S. E. Rep. 214.)