## 10483

### LESTER v. FOX FILM CORPORATION.

#### (103 S. E. 775.)

1. ATTACHMENT—AFFIDAVIT HELD NOT FILED IN CLERK'S OFFICE WITHIN 48 HOURS.—Affidavit on which warrant of attachment was issued *held* not filed, within the meaning of the Code Civ. Proc. 1912, sec. 281, in the office of the clerk of Court within 48 hours after its issuance, entitling defendant to vacate and set aside warrant of attachment and levy thereunder.

2. CORPORATIONS—ACCEPTANCE OF SERVICE OF SUMMONS AND APPEARANCE HELD NOT TO AFFECT QUESTION OF DISCHARGE OF ATTACHMENT.—The acceptance of service of summons and appearance by defendant foreign corporation does not affect the question whether or not defendant is entitled to discharge of attachment because the affidavit on which the warrant was issued was not filed in the clerk's office within 48 hours, as required by Code Civ. Proc. 1912, sec. 281; an attachment being a collateral proceeding, and the jurisdiction of the Court over defendant after his appearance being independent of the attachment proceeding.

3. CORPORATIONS—PLAINTIFF ENTITLED TO ATTACH CORPORATION'S PROPERTY BEFORE JUDGMENT, THOUGH IT APPEARED OR ANSWERED.—To preserve the property of defendant foreign corporation for execution after judgment, plaintiff is entitled to attach its property within the State at any time during pendency of the action and prior to judgment, though defendant may have submitted its person to the jurisdiction by appearance or answer.

Before TOWNSEND, J., Richland, October, 1918. Affirmed.

Action by L. T. Lester against Fox Film Corporation. From order vacating an attachment, plaintiff appeals.

The trial Court's order, on which affirmance is based, follows:

Order Dissolving and Vacating Warrant of Attachment. Plaintiff, conducting a moving picture theatre in Columbia, on September 23, 1918, commenced an action against defendant, a foreign corporation engaged in furnishing moving picture films to lessees on circuits, to recover $20,000 damages, and then procured from the clerk of this Court a

warrant of attachment against the property of defendant, under which its moving picture films being circulated in this States were attached, and threatened to attach all such films so circulated in the future, and thus embarrass and injure the defendant in its business.

On September 27, 1918, defendant appeared in the action, accepted service of the summons and complaint, and obtained the return of its property which had been attached, by giving the undertaking in double its value required by Code Civ. Proc., sec. 296, and notified the sheriff to make no further levy upon defendant's property under said warrant.

The motion was brought before me on an order to show cause issued on September 30, 1918, by me returnable on one day's notice, *i. e.,* on October 1, because of the facts stated in the affidavit attached to the order showing the great danger of damage to defendant if the hearing were postponed four days. On October 1 the attorneys representing the contending parties appeared before me and stated they had agreed to postpone the hearing until the afternoon of October 2. That afternoon Mr. Verner, who had been that day retained by plaintiff, appeared on his behalf, and filed a return to the order to show cause. And the hearing proceeded with the understanding that I would hear an affidavit or statement, and anything further which Mr. William N. Graydon, leading counsel for plaintiff, would have to say, on October 3. The testimony of Mr. Walker, the clerk of Court, was taken, and the matter heard on that testimony in connection with the record in the cause, and affidavits attached to the order to show cause.

The defendant contended that:

(a) The affidavit on which the warrant was issued had not been filed in the office of the clerk of Court within 48 hours, as required by Code Civ. Proc., sec. 281; this being the irregularity specified in the affidavit attached to, and served with, the order to show cause. Circuit Court rule 57.

(b) That the defendant having appeared and submitted itself to the jurisdiction, there was no further necessity for attaching any of its property.

The plaintiff contended, at the hearing on October 2, that:

(c) The affidavit on which the warrant of attachment was issued was filed on September 23, 1918, the date of its issuance, with the clerk of Court, to whom it was delivered for the purpose of being kept by him, and was so kept under his custody and control.

(d) That the acceptance of service and appearance in the cause by the defendant operated as a waiver of any and all irregularities in the issuance or procurement of the warrant of attachment.

(e) That the defendant has not given the bond required by Code Civ. Proc., sec. 296.

After argument by counsel representing both parties on the merits of the motion, further hearing was adjourned until October 3 in order to afford an opportunity to hear from Mr. Graydon. On October 3 Mr. Graydon appeared and submitted his affidavit, which shows only a mistake by the clerk in his testimony as to which of the counsel presented the papers in the attachment proceedings to him, and further raised the objection that this hearing could not proceed under the order to show cause, as it did not specify the irregularity complained of as ground to vacate, etc., and because the statute required by the objection on ground of irregularity to be made by motion only upon four days' notice. I inquired whether he wished a postponement of the hearing for four days; he replied he did not, and insisted I should dismiss the hearing because of the failure to give four days' notice prior to the hearing. Counsel for defendant contended that Mr. Graydon's objection came too late. The irregularity relied on by defendant as basis of its motion to vacate is specifically stated in the affidavit attached

to and served with the order to show cause. The circumstances stated in the affidavit authorized me to have the motion heard on order to show cause within less than four days. Both these objections to the hearings of the motion are overruled.

From the evidence, including affidavits and record before me, I find as matter of fact that one of plaintiff's attorneys took all the papers, summons, complaint, affidavit for attachment, and warrant of attachment, fastened together, to the clerk, who marked them filed on September 23, the time he issued the warrant. The clerk kept the undertaking by plaintiff in attachment and immediately turned the other papers over to one of the plaintiff's attorneys, who had handed them to him. The affidavit for attachment was then attached to the warrant of attachment directed to the sheriff, and was turned over to the sheriff and lodged in his office on September 23 (presumably by the attorney to whom the clerk gave them) and left with the sheriff in order that he might serve copies, execute the warrant, and make return thereon. The papers were not returned to the clerk, or to his office, before September 30, when the order to show cause was issued. During the period between the 23d, date of issuance, and September 30, all the papers (except the undertaking in attachment which had been retained by the clerk) were lodged in the sheriff's office in the actual custody of the sheriff. The plaintiff's attorney who presented the papers, including the affidavit, to the clerk never left 'hem with the clerk, but carried and lodged them with the ·heriff. The same paper could not be in both offices, *i. e.,* ɔf the sheriff and of the clerk at the same time.

I conclude, as matter of law, under the cases of *Dunton v. Harper,* 64 S. C. 338, 340, 343, 42 S. E. 153; *Townsend v. Sparks,* 50 S. C. 383, 27 S. E. 801, and other authorities cited by counsel and the above stated facts found by me, that the affidavit on which the warrant of attachment was issued was not filed, within the meaning of

the statute, in the clerk's office within 48 hours, the time required by law, after its issuance, and that this failure to follow the procedure prescribed by the statute entitles the defendant to vacate and set aside the warrant of attachment and the levy made thereunder.

I conclude that the acceptance of service of summons and appearance by the defendant does not affect the question whether or not the defendant.is entitled to a discharge of the attachment. An attachment is a collateral proceeding (*Bank v. Sprunt,* 86 S. C. 8, 67 S. E. 955), and after the appearance of defendant the jurisdiction of the Court over defendant is independent of the attachment proceeding (*Light v. Isear,* 28 S. C. 440, 6 S. E. 284). The purpose of the attachment is to conserve the property of the defendant debtor for eventual execution after the action shall have proceeded to judgment, unless the debtor procures its release in the manner provided by law. R. C. L. 1. For this purpose a plaintiff is entitled to attach the property within this State of a defendant foreign corporation at any time during the pendency of the action and prior to judgment, notwithstanding the defendant may have submitted his person to the jurisdiction of the Court by appearance or answer. Code Civ. Proc., sec. 296, expressly provides for motion after appearance to vacate the attachment on ground of irregularity.. The purpose of the attachment being collateral to the question of jurisdiction, I conclude that the acceptance of service of summons and complaint and appearance by defendant did not waive irregularities in the procurement of the attachment, or destroy his right to move to vacate and discharge the attachment of his property on account of such irregularities (Code Civ. Proc., secs. 296, 277), and that this motion is made within due time (*Bank v. Sprunt,* 86 S. C. 8, 67 S. E. 955).

It is, therefore, ordered that the warrant of attachment heretofore issued in the above entitled action be, and is

hereby, set aside and vacated, and that the defendant be discharged from liability upon the bond heretofore given by it to procure the release and return to it the attached property.

*Mr. Wm. N. Graydon,* for appellant, cites: *Grounds for vacating an attachment:* 17 S. C. 120. *Paper is filed when delivered to proper officer to be filed:* 107 S. C. 93. *Papers here were properly filed:* 37 S. C. 223. *Motion was proper procedure:* 46 S. C. 39. *Rule LXIX Circuit Court:* 73 S. C. 179.

*Messrs. Nettles & Tobias,* for respondent.    Oral argument.

July 26, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are not reviewable by this Court.    For the reasons therein stated, the order of his Honor, the Circuit Judge, is affirmed.