## GENE TIERNEY CASSINI
*vs.*
## BELLETIER CORPORATION ET AL.

Superior Court      Fairfield County      File No. 66404

MEMORANDUM FILED JUNE 4, 1943.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendants.

CORNELL, J. In this cause the defendants are two, viz., Howard S. Tierney and Belletier Corporation. The issues presented by the plea and answer thereto are (1) whether

the defendant Howard S. Tierney may, as a nonresident of Connecticut claim the privilege of immunity from service of civil process while in this State giving his deposition in re-spect of a final account filed by him in the Court of Probate for the District of Westport and (2) whether such privilege also extends to him as an officer and director of the defendant Belletier Corporation. The facts are stipulated and in so far as may be material here have been noticed in No. 66403, *Belle Taylor Tierney vs. Howard S. Tierney.*[*] In so far as defendant Howard S. Tierney is concerned, the conclusion reached here is the same as in No. 66403, *supra,* and predi-cates on the same reasoning.

As respects the defendant, Belletier Corporation, the issues are found for the plaintiff for the following reasons: The defendant, Belletier Corporation is a domestic corporation. Defendant Howard S. Tierney, though a nonresident of Con-necticut, is a majority stockholder therein and an officer and director thereof. The statute prescribing the manner in which civil process shall be served (Gen. Stat. [1930] §5469) in so far as pertinent here, provides: "In actions against private corporations, service shall be made either upon the president, the vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or man-aging agent or upon any director resident in this state."

The revision quoted from omits a comma which in previous revisions appears between the word "agent" and the con-cluding phrase "or upon any director resident in this state." Gen. Stat. (1918) §5592; Gen. Stat. (1902) §571. It should, therefore, be construed as though punctuated as in previous revisions. This done, the qualifying phrase "resident in this state" refers only to directors and the intent of the statute as it concerns the several officers mentioned is that legal service may be made upon the corporation if the process be left with any of them within this jurisdiction even though the one so served be a nonresident of Connecticut, as is the defendant Howard S. Tierney here.

While the stipulated facts make plain that Tierney is an "officer" of the defendant corporation they do not say whether he was the incumbent of any of the offices mentioned in the

* *Ante,* p. 91.

statute. However, the officer's return identifies him as the treasurer and as having been served in that and in no other capacity and as the parties have stipulated that he was, in fact, an "officer" and have made no point either in the plea or in argument of the discrepancy, it will be assumed that he was one of the officers, other than a director specified in the statute upon whom service upon the corporation might be made.

On this premise the sole question is whether if Tierney was otherwise privileged as a nonresident within this State testifying as a witness in a judicial proceeding here from service in another civil action here, does the privilege shield him in his capacity of a nonresident officer of a domestic corporation—or in other words, does the immunity under such circumstances extend to the corporation. The answer is in the negative. *Breon vs. Miller Lumber Co.*, 83 S.C. 221, 225, 227, 65 S.E. 214, 137 Am. St. Rep. 803, 24 L.R.A. (n.s.) 276. This accords with the weight of authority. 42 *Am. Jur. Process* §145, p. 126.

Judgment will enter abating the cause as to defendant Howard S. Tierney and in favor of the plaintiff as to defendant, Belletier Corporation.