MAIWORM & ASSOCIATES, INC., a
South Carolina Corporation,
Petitioner,

v.

MAIWORM GmbH & CO., a corporation,
also known as Kommanditgesselschaft
Maiworm GmbH & Co., Respondent.

Civ. A. No. 79–358.

United States District Court,
D. South Carolina,
Greenville Division.

March 23, 1979.

John A. Hagins, Jr., Horton, Drawdy, Hagins, Ward & Blakely, Greenville, S. C., for petitioner.

Jesse C. Belcher, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for respondent.

## ORDER ON MOTION TO VACATE ATTACHMENT

HEMPHILL, District Judge.

Before the court is respondent's motion filed March 1, 1979, originally filed in the Court of Common Pleas for Greenville County, South Carolina,[1] seeking to vacate

1. The Petition and Bond for Removal were filed in the United States District Court for the District of South Carolina, Greenville Division, March 1, 1979. (See Rule 81(c), Federal Rules of Civil Procedure, and 18 U.S.C. § 1441–1451.)

an attachment, ordered and effected in the state court action, which resulted in the Sheriff of Greenville County executing an attachment[2] of a certain certificate of deposit of respondent (held by the South Carolina National Bank). It is this attachment, effected January 31, 1979, which is the subject matter of this motion. There is no return by the Sheriff, but the parties have made no issue of this oversight. A history of the activities crucial to this decision is discussed in the rulings hereinafter published. For reasons supplied, the motion is granted.

The respondent argues that the affidavit submitted by the petitioner to the Clerk of Court issuing the attachment, is defective as a matter of law and therefore fatal to the attachment. An examination of South Carolina case law and statutes relating to the issuance of attachments, compels this court to agree.

■ The affidavit required by § 15–19–50[3] must indicate that a cause of action exists against the defendant, the grounds therefor, and that the defendant is a foreign corporation. The accompanying veri-

fied petition, which for the purposes of this case will be treated as a verified complaint, is the equivalent of an affidavit. *Ferst v. Powers*, 58 S.C. 398, 36 S.E. 744 (1900); *Josey v. Reynolds*, 152 S.C. 339, 150 S.E. 67 (1929). This petition merely states that the respondent is a foreign corporation (paragraph IV of the petition), and that four actions have been brought against the respondent in the Greenville County Courts totalling $554,878.05 (paragraphs III of the petition). The remaining paragraphs simply state where the property is believed to be located and prays for the issuance of a warrant of attachment. No other grounds are stated; not even whether this is a contract or tort action. Of course, the issue is whether these allegations satisfy the statutory requirements.

The petitioner states that its "grounds" are that the defendant is a foreign corporation. However, the statute requires that the defendant be a foreign corporation, § 15–19–50(1), and then it seems to require a separate assertion of the grounds for the cause of action. An analysis of the relevant cases confirms this interpretation.

---

There has been no motion to remand to contest this removal.

2. On March 1, 1979 petitioner filed a verified petition seeking issuance by the Clerk of Court for Greenville County of a warrant of attachment under the provisions of § 15–19–10, Code of Laws of South Carolina, 1976, and alleging that the certificates of deposit were within the bank. The Clerk issued an attachment on the basis of the petition. A circuit judge approved the bond but apparently was not asked to review the petition nor pass on its compliance with the statute.

3. § 15–19–50, S.C.Code 1976, provides: Affidavit Required

The warrant may be issued whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof, and that the defendant is:

(1) A foreign corporation or not a resident of this State;

(2) The master, captain or agent of any sailing vessel entering any of the ports of this State and is about to take such vessel out of any port of this State without paying the pilotage fees provided by law; or

(3)(a) Has departed from the State with intent to defraud his creditors or to avoid service of a summons or keeps himself concealed therein with the like intent, (b) has removed or is about to remove any of his property from this State with intent to defraud his creditors or (c) has assigned, disposed of or secreted or is about to assign, dispose of or secrete any of his property with the like intent, whether such defendant be a resident of this State or not. § 15–19–60 provides a form for the affidavit, and reads:

In all cases of attachment in this State the following form of affidavit shall be sufficient, to wit:

| State of South Carolina | ) | |
|---|---|---|
| _____ | ) | Court of _____ |
| _____ | ) | |
| Plaintiff, | ) | |
| Against | ) | Affidavit. |
| _____ | ) | |
| Defendant. | ) | |

Personally appeared before me _____ who on oath says:

That _____ is justly and truly indebted to _____ in the sum of _____ dollars ($_____), and that _____ is entitled to an attachment against _____ upon the grounds:

_____

Sworn to before me this _____
day of _____ 19 ___.

Two cases contain language that superficially appear to support the petitioner's contention that he has stated sufficient grounds to support his claim. In the rather ancient case of *Smith & Melton v. Walker*, 6 S.C. 169 (1875), the court stated that where the ground of attachment is the nonresidence of the defendant, the affidavit is sufficient if it states that fact without other facts or circumstances. However, this discussion went merely to the allegation of jurisdictional facts relative to an action against a nonresident as opposed to a resident who intends to hide or spirit away his property. In the latter situation, *Smith & Melton* held that the affiant must state underlying facts which led to his suspicion. Neither this case nor *Roddey v. Erwin*, 31 S.C. 36, 9 S.E. 729 (1889), stands for the proposition that failure to allege the grounds of the main action can be excused.

■ On the contrary, the affidavit must state a cause of action, or state facts from which it must be inferred, as a legal conclusion, that a cause of action does exist. *Monday v. Elmore*, 27 S.C. 126, 3 S.E. 65 (1887); *Central Railroad & Banking Co. v. Georgia Construction Co.*, 32 S.C. 319, 11 S.E. 192 (1890). Since the petition does not indicate whether the suit is in tort or contract, it clearly does not state a cause of action. The petition is also totally lacking in facts from which a cause of action can be inferred. Clearly the petition does not meet the statutory standard.

■ It appears from the exhibits and briefs that the petitioner went before Judge Moss for approval of the surety bond, but then went before the Clerk of Court for the attachment. The petitioner presented Judge Moss with the complaints in the four main cases but failed to provide the complaints to the Clerk. Had these complaints been presented to the Clerk at issuance, they could have been incorporated into the petition to provide the grounds necessary to a proper affidavit. *Josey v. Reynolds*, 152 S.C. 339, 150 S.E. 67 (1929); *Ferst v. Powers*, 58 S.C. 398, 36 S.E. 744 (1900). Although this was not done, one might argue that Judge Moss' knowledge was imputed to the Clerk of Court when she later issued the attachment, but even giving the petitioner the benefit of this doubt, failure to file the complaints with the Clerk of Court within 48 hours after issuance as required by § 15–19–70, is fatal. *Lester v. Fox Film Corp.*, 114 S.C. 414, 103 S.E. 775 (1920). Since the complaints were not filed until February 28, 1979, the attachment must be vacated.

■ The filing requirement exists to give the defendant notice of the grounds on which the attachment is issued. Although the respondent was not greatly damaged by the failure to provide a sufficient affidavit, the South Carolina courts take this requirement literally. The South Carolina Supreme Court expressed the situation well in *Wando Phosphate Co. v. Rosenberg*, 31 S.C. 301, 9 S.E. 969 (1889), when it said:

Attachments are statutory proceedings, and they are intended to summarily dispossess a party of his property, and to hold it subject to the result of an action in progress, and being in direct conflict with that dominion and right which every one has at common law over his own, and which government is constructed to protect, statutes authorizing such proceedings have always been strictly construed, and all of their requirements absolutely demanded to be present. True, they are efficient and useful remedies, and very advantageous to commerce and trade, but still they are harsh and summary and are only allowed upon the conditions found in the statute, which must be made to appear in the affidavit submitted.

The respondent has also made a strong argument that the summonses in the main actions had not issued, at the time of the attachment, thus depriving the Clerk of jurisdiction to act under § 15–19–10, S.C.Code, 1976. Although this court does not reach the point due to its ruling on the sufficiency of the affidavit, it appears that the summonses had issued by January 31, 1979, when the attachment was issued. The parties are referred to the cases of *Smith & Melton v. Walker*, 6 S.C. 169 (1874) and *Little v. Christie*, 69 S.C. 57, 48 S.E. 89

978

(1904), for a discussion of the time of issuance of summons in a nonresident defendant case. The same reasoning should apply to a foreign corporation case.

On the grounds cited above, the motion of respondent is granted due to the failure to comply with the statutory requirements. It therefore becomes the duty of this court, to vacate the attachment. This Order shall not take effect until March 28, 1979 in order to give plaintiff time to appeal and/or apply for a supersedeas or other rulings by this court or a higher one.

AND IT IS SO ORDERED.