## T. H. LA FORCE ET AL. v. WEAR & BOOGHER DRY GOODS COMPANY.

### No. 1439.

1. **Attachment—Affidavit—Reference to Petition.**—An affidavit for attachment and the original petition as separate papers, were prepared at the same time and place, and were simultaneously filed with the clerk of court some hours later. The affidavit stated, that ·the defendant was indebted to the plaintiff in the sum of $2148.25, "together with interest and attorney's fees, as set forth in plaintiff's petition filed in this cause." *Held*, that the debt was sufficiently described by the aid of such reference to the petition.

2. **Attachment Bond—Description of Parties.**—Where the name of the party executing an attachment bond is correctly stated therein, and correctly signed thereto, the fact that the name is also given wrongly once in the bond will not vitiate it.

3. **Same—Omission of Words.**—The omission of the word "out," in the last clause of an attachment bond, so that it reads, "for wrongfully suing said attachment," is not a fatal defect.

4. **Affidavit for Attachment Made by Agent.**—An affidavit for attachment describing affiant as the "agent of plaintiff" is sufficient, though signed by him in his own name alone, without any reference to his agency.

APPEAL from Montague. Tried below before Hon. D. E. BARRETT.

*Jameson, Baker & Lockett*, for appellants.—Where there is uncertainty in the affidavit for attachment as to amount of plaintiff's claim, the attachment should be abated on motion, and such uncertainty can not be cured by reference to the averments in the petition alleged to be on file, when no such petition was on file, and no such suit pending, and the instrument of writing claimed by the affiant to be such petition appears to be a separate and distinct document from the affidavit which alludes to it, and nothing is in the record to show that said alleged petition was not prepared after the affidavit for attachment was sworn to. Rev. Stats., arts. 184, 212–220; Joiner v. Perkins, 59 Texas, 300; Evans v. Tucker, 59 Texas, 249; Espey v. Heidenheimer Bros., 58 Texas, 662.

*Potter, Potter & Giddings*, for appellee.—The petition and affidavit in attachment suits should be construed together, and in reference to each other, and the affidavit may refer to the petition· for the statement of the amount and nature of the indebtedness. Morgan v. Johnson, 15 Texas, 567; Wright v. Ragland, 18 Texas, 289; Gray & Wallace v. Steedman, 63 Texas, 95; Cleveland v. Boden, 63 Texas, 103; Willis v. Mooring, 63 Texas, 341.

TARLTON, CHIEF JUSTICE.—This proceeding is in debt and attachment. The suit was brought on May 4, 1892, by the appellee, a corporation, against the appellants, upon four promissory notes, each being for the sum of $537.31, and maturing respectively on the 10th day of May and on the 15th of June, July, and August, 1892. The

notes were described in the original petition as bearing each of them 10 per cent interest per annum from date until paid, and as providing for the payment of 10 per cent additional on the amount thereof as attorney's fees, in case of legal proceedings for collection. Subsequently, on August 30, 1892, the plaintiff filed an amended petition, alleging the intervening maturity of the obligations.

The affidavit in attachment filed simultaneously with the original petition, is as follows:

"Suit pending in the District Court of Montague County, Texas.

"WEAR & BOOGHER DRY GOODS CO.

      "v.                                    "No.——

"T. H. LA FORCE.

"I, John S. Triplett, do on oath state that I am the agent of the plaintiff in the foregoing suit; and I further swear, that the defendant in said suit, T. H. La Force, is justly indebted to the plaintiff in said suit in the sum of $2148.25, together with interest and attorney's fees, as set forth in plaintiff's petition filed in this cause, which sum is due, as alleged in said petition.

"And I further swear, that the defendant has disposed of his property for the purpose and with the intent to defraud his creditors; that the writ of attachment sued out in this case is not sued out for the purpose of injuring or harassing the defendant, and unless such attachment is issued the plaintiff will probably lose its debt.

                          [Signed]     "JOHN S. TRIPLETT.

"Sworn to and subscribed before me, May 4, 1892.

   [L. S.]          [Signed]    "J. P. DOWD, Notary Public."

On January 12, 1893, the appellee recovered judgment for the sum of $2542.60, the amount of the principal, interest, and attorney's fees due upon the notes, with a foreclosure of the attachment lien.

The questions presented concern exclusively the validity of the attachment proceedings.

It was made to appear, in connection with a motion to quash the writ of attachment presented by the defendant, that the original petition and affidavit were simultaneously prepared, the latter being verified at Nocona, a town ten miles distant from Montague, the county seat; that the petition and affidavit, thus prepared on separate pieces of paper, before the institution of the suit, were on the same day taken to the county seat and there together filed, so instituting the suit.

It is contended, in effect, that the affidavit fails to state the amount of the demand, unless in the description thereof it can be aided by the averments of the petition; that such aid can not be invoked for it, because no petition was in fact filed when the affidavit was made; and that the uncertainty in the terms of the affidavit should vitiate the attachment.

We discover nothing in the facts above stated which would justify us in entertaining a reasonable doubt that the instrument referred to in the affidavit as the "plaintiff's petition filed in this cause" is the original petition transcribed in this record, and accompanying the affidavit at the institution of this suit. We are reluctant to indulge in a refinement of reasoning leading to a contrary conclusion. The history of the preparation of the instruments, and of their prompt filing at the county seat, reasonably identifies the paper referred to in the affidavit as the plaintiff's petition with the petition actually filed in the cause. As we are unable to reach any other conclusion of fact on this question of the identity of the instruments, we hold that the petition removes any uncertainty in the description of the demand as contained in the affidavit. Morgan v. Johnson, 15 Texas, 569; Cleveland v. Boden, 63 Texas, 103; Willis v. Mooring, 63 Texas, 341; Munzenheimer v. Manhattan Co., 79 Texas, 318.

We think that the affidavit which we have set out states statutory grounds for attachment; and so we overrule appellants' fourth assignment of error, asserting the proposition that it does not. Rev. Stats., arts. 152, 153.

It is difficult to ascertain upon what feature in the record this assignment is predicated. The appellee suggests, that it is upon the reading of the word "disposed," as required in the affidavit, as "deposed," as actually written therein. This suggestion, however, conflicts with the appellants' statement under the assignment, admitting the averment in the affidavit that the plaintiff "has disposed of his property," etc. Besides, we agree with the appellee that, while the handwriting in which the affidavit is written is by no means artistic, the word referred to, as it appears in the original affidavit accompanying the record, should be reasonably read "disposed," and not "deposed."

Appellants' sixth assignment of error reads, that "the bond in this case is insufficient to sustain the attachment, for the reason that plaintiff in this cause, Wear & Boogher Dry Goods Co., is a corporation, and the bond is one in which the principal is alleged to be 'Wear & Boogher & Dry Goods Co.'"

This assignment indicates no variance between the real name of the plaintiff, and that in which, as principal, it is described in the bond. It appears, however, from the record and from the original bond, which also accompanies it, that the name of the plaintiff is once therein written as "Wear & Boogher & Dry Goods & Co.," instead of "Wear & Boogher Dry Goods Co."

If the point thus suggested is to be considered as presented in the brief, it is overruled. The bond elsewhere fully describes and identifies the plaintiff as "Wear & Boogher Dry Goods Co." In this name the plaintiff is bound in the obligation, and in this name is its signature affixed as principal.

The bond, complying otherwise with the prescribed conditions, concludes with the clause, "That it will pay all such damages and costs

as shall be adjudged against it for wrongfully suing said attachment." The trial court correctly held the omission of the statutory word "out," after the word "suing," not to be fatal to the writ. Such omission can not, under any reasonable construction of the terms of the bond, affect the substance of its condition or vary its evident meaning.

We are also unable to approve the proposition of appellant, that the affidavit does not appear to have been made by the plaintiff or its agent. It appears to have been made and sworn to by "John S. Triplett," described in the affidavit as the agent of the plaintiff.

We order that the judgment be affirmed.

*Affirmed.*

Delivered November 27, 1894.